# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BELEW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRINK'S INCORPORATED, a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 14CV1748 JAH JLB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS AND SCHEDULING A FINAL APPROVAL HEARING** |

This Court considered plaintiff Timothy Belew's unopposed motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Joint Stipulation of Settlement ("Joint Stipulation"). Based on this review and the findings below, the Court found good cause to GRANT the motion without further argument. Accordingly, the preliminary approval hearing scheduled for April 27, 2015 is **VACATED.**

//

//

**FINDINGS:**

1. The Joint Stipulation was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed class representatives or segments of the class, and falls within the range of possible approval;

2. The class notice, attached to the Joint Stipulation, complies with due process because the class notice: (a) fully and accurately informs members about the lawsuit and settlement; (b) provides sufficient information so that members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (c) provides procedures for members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provides the final fairness hearing's time, date, and location;

3. The class is so numerous that joinder of all class members is impracticable;

4. Plaintiff's claims are typical of the class' claims;

5. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members;

6. Class certification is superior to other available methods for the controversy's fair and efficient adjudication.

7. Counsel Alisa A. Martin of AMartin Law PC is adequate to represent the interests of the proposed Class as Class Counsel.

8. Plaintiff Timothy Belew is adequate to represent the interests of the proposed Class as the Class Representative.

**IT IS ORDERED THAT:**

1. **Preliminary Settlement Approval**. The Court preliminarily approves the Joint Stipulation, including the class notice packet attached to the Joint Stipulation as Exhibits A-C.

2. **Provisional Certification**. The Class is provisionally certified as: "All current and former armored truck drivers and messengers who performed work for Brink's, Incorporated in the State of California during the Class Period. The Class Period is from January 1, 2014 through the date of preliminary approval."

3. **Provision of Class Notice**. No later than 10 calendar days after the Court enters this Order, Brink's shall provide to the Administrator and Class Counsel a Microsoft Office Excel spreadsheet that includes the following information for each class member: (1) name, (2) most current mailing address and telephone number, (3) dates of employment as a Class Member during the Settlement Period, and (4) total workweeks worked by each Class Member during the Class Period. ("Class List"). Within 10 calendar days after receipt of the Class List, the parties shall direct the Administrator to disseminate notify class members of the settlement via mailing the class notice, as provided in the Joint Stipulation. The parties also shall direct the Administrator to re-mail any returned mail after obtaining updated addresses, as provided in the Joint Stipulation.

4. **Objection to Settlement**. Any class member who does not opt-out of the settlement and who wishes to object to the settlement must file a written objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Defendant's Counsel. The Objection must be postmarked no later than 30 days after the initial mailing of class notice. To be considered valid, each Objection must be timely filed and served and must state: (a) the objecting person's full name, address, and telephone number; (b) the word "Objection"; (c) in clear and concise terms, the legal and factual arguments supporting the objection; and (d) a list identifying the witnesses and exhibits the objector may call or offer at trial. Class Members who fail to object to the Joint Stipulation in the manner specified above will: (a) be deemed to have waived their right to object to the Joint Stipulation; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other

process) to the Joint Stipulation; and (c) not be entitled to speak at the Fairness Hearing.

5. **Opt-Out Requests**. All class members who want to be excluded from the Settlement must return a completed Opt-Out Form, postmarked no later than 30 days after the initial mailing of class notice. Any class member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

6. **Appointments.** Plaintiff Timothy Belew is provisionally appointed as Class Representative to implement the parties' proposed Settlement in accordance with the Joint Stipulation. Plaintiff's Counsel, Alisa A. Martin of AMartin Law PC, is appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class' interests. Simpluris Inc. is appointed as the third party Administrator.

7. **Termination**. If the Joint Stipulation terminates for any reason, including, but not limited to, if Court does not approve the Settlement or enter Judgment, or if the Effective Date under the Joint Stipulation does not occur for any reason, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated; (c) Plaintiff will stop functioning as Class Representative; (d) Class Counsel will revert to putative Class Counsel; and (c) the Action will revert to its previous status in all respects before the Parties executed the Joint Stipulation.

8. **No Admission.** Nothing in this Order, the Settlement, or the Joint Stipulation may be construed as an admission or concession on any point of fact or law by or against any party.

9. **Stay of Dates and Deadlines**. All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as necessary to implement the Joint Stipulation and this Order.

10. **Final Approval Hearing**. A final approval hearing shall be held before this Court on August 31, 2015 at 2:30 p.m., to determine whether the Joint Stipulation should be finally approved as fair, reasonable, and adequate. All papers supporting

Plaintiff's request for attorney's fees and costs must be filed no later than 10 court days before the deadline for class members to object to the settlement. All other papers supporting final approval of the Joint Stipulation must be filed no later than 10 court days before the final approval hearing. This Court may order the final approval hearing to be postponed, adjourned, or continued. If that occurs, the parties will not be required to provide additional notice to class members.

Date: April 22, 2015

JOHN A. HOUSTON
United States District Judge