Alisa A. Martin, State Bar No. 224037
AMARTIN LAW, PC
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

*Attorneys for Plaintiff and the Class*

**UNITED STATE DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY BELEW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRINK'S, INCORPORATED, a Delaware corporation, and DOES 1- 20, inclusive,<br><br>Defendants. | Case No. 3:14-cv-01748-JAH-JLB<br><br>**MARTIN DECLARATION IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 31, 2015<br>Time: 2:30 p.m.<br>Judge: Hon. John A. Houston<br>Courtroom: 13B |

I, Alisa A. Martin, declare as follows:

**1.** I am a member of the bar of the State of California and a shareholder of AMartin Law, PC, attorney for Plaintiff Timothy Belew. I make this declaration in support of Plaintiff's motion for final approval of a class action settlement. If called as a witness, I would and could testify to the following:

**2.** Attached as **Exhibit 1** is the preliminarily approved Joint Stipulation of Settlement ("Joint Stipulation").

**Procedural History**

**3.** On May 5, 2014, Belew filed a class action complaint against Brink's in the San Diego County Superior Court, alleging causes of action for (1) failure to pay overtime wages; (2) failure to provide accurate wage statements; (3) failure to provide complete wage statements; (4) failure to pay final wages; (5) unfair business practices; and (6) unfair business practices. On June 23, 2014, Belew amended the complaint to assert a cause of action under California's Private Attorneys General Act ("PAGA") Labor Code 2699 *et seq*. Based on the alleged violations, Belew seeks to recover compensatory damages, pre-judgment interest, waiting time penalties, statutory penalties, civil penalties, restitution, attorney fees and costs, and injunctive relief.

**4.** On July 24, 2014, Brink's removed the lawsuit to the United States District Court, Southern District of California under the Class Action Fairness Act.

**Brink's Alleged Wrongdoings**

**5.** Belew alleges the following facts in his complaints. Brink's is an armored transportation provider. Brink's employed Belew, as an armored truck driver and messenger from 2011 to April 2, 2014. During his employment, Brink's primarily violated state law by failing to pay overtime to its drivers and messengers.

**6.** Brink's classified Belew and the class as non-exempt and paid them an hourly wage. Before January 2014, Brink's paid its drivers and messengers overtime as per California law. Under California law, nonexempt employees are entitled to be paid one and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

**7.** Starting in January 2014, Brink's stopped paying overtime to drivers and messengers under California law. Brink's would only pay overtime to those who worked over forty hours during a workweek and capped its overtime to five hours per week. So anything after forty-five hours is paid at the regular straight time wages. Belew contends that those who worked over forty-five hours during a workweek or over eight hour during a workday are owed overtime, along with inaccurate wage statement penalties and waiting time penalties.

**8.** Brink's, however, contends that Belew and the class are exempt from California's overtime law and thus denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the lawsuit and further denies that, for any purpose other than settling the lawsuit, these claims are appropriate for class or representative treatment.

## Discovery

**9.** I propounded formal and informal discovery. Brink's agreed to produce key information and data so that Belew could evaluate his claims and prepare for mediation. Discovery included information regarding the number of class members, timekeeping and payroll data. Brink's also produced information regarding its interstate commerce activities. I also obtained information from witnesses; reviewed and analyzed the produced documents, information, and data; researched the applicable laws and potential defenses; and prepared a damages model.

## ENE Conferences and Settlement Negotiations

**10.** On September 12, 2014 and December 8, 2014, the Parties mediated their dispute with United States Magistrate Judge Jill L. Burkhardt. The Parties negotiated with the assistance of United States Magistrate Judge Jill L. Burkhardt, which resulted in the Parties reaching an agreement on the settlement terms.

## Joint Stipulation's Fairness

**11.** Because 495 class members want to participate in the settlement, the

average settlement share is approximately $300, which is equivalent to, on average, 43 hours of unpaid overtime. This is significant given the amount of damages at issue and the class period, which only covers a 16-month period. Brink's paid its drivers at the overtime pay rate when they worked between 40 and 45 hours during a workweek. But when the class members worked over 45 hours, they were only paid at the straight rate for those hours. So, for example, class members on average earned $14.00 per hour. If a class member worked 45 hours during a workweek, they were paid overtime at the rate of 1.5 for the 41st through 45th work hours; however, if they worked 50 hours, then they were only paid at the straight rate for the 46th through 50th work hours. Thus, a class member that worked a 50-hour workweek is owed 0.5 of the regular rate of pay (approximately $7.00) for 5 work hours. Because Brink's paid the straight pay rate for all hours over 45, the amount of unpaid wages at issue is limited. Based on my research, document review and data review in preparation for the ENE conferences with Magistrate Burkhardt, I determined, and reviewed with Magistrate Burkhardt, that drivers and messengers on average were not paid at the overtime rate for 1.6 hours of work per week. This amounts to an average of $11.26 in unpaid wages per week.

**12.** I believe the Joint Stipulation is fair, reasonable, and in the class' best interests, particularly after balancing the proposed Joint Stipulation terms against the probable outcome of liability, the untested issues, the range of recovery at trial, and the likelihood of collection of any recovery at trial, along with considering: the prospect of an adverse ruling on summary judgment and/or class certification; the difficulties of complex litigation; the lengthy process of establishing specific damages; individual issues; and possible delays and appeals. Belew's counsel also considered information gathered through witness interviews. Additionally, Belew's counsel considered Brink's argument, and supporting evidence and case law, that its drivers and messages are exempt from the overtime requirement. Considering

those issues, the Joint Stipulation is appropriate and fair.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on August 17, 2015 in San Diego, California.

Alisa A. Martin

# EXHIBIT 1

Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858.652.3100
Facsimile: 858.652.3101

Attorneys for Defendant BRINK'S, INCORPORATED
(erroneously sued as Brink's Incorporated)

Alisa A. Martin CA Bar No. 224037
alisa@amartinlaw.com
AMARTIN LAW
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: 619.308.6880
Facsimile: 619.308.6881

Attorneys for Plaintiff TIMOTHY BELEW

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY BELEW, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRINK'S INCORPORATED, a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 14CV1748 JAH JLB<br><br>**JOINT STIPULATION OF SETTLEMENT** |

This Joint Stipulation for Class Action Settlement and Release ("Joint Stipulation") is made and entered into by and between Plaintiff Timothy Belew ("Plaintiff"), on behalf of himself and on behalf of others similarly situated, and Defendant Brink's, Incorporated (erroneously sued as Brink's Incorporated) ("Defendant").

This Joint Stipulation shall be binding on Plaintiff and the class he purports to represent, and Defendant and any present and former parent companies, subsidiaries, related or affiliated companies, shareholders, owners, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant, and its respective counsel ("Released Parties"), subject to the terms and conditions hereof and the approval of the Court.

**THE PARTIES STIPULATE AND AGREE** as follows:

1. Plaintiff and Defendant are collectively referred to herein as "the Parties."

2. On May 5, 2014, Plaintiff filed a proposed class action Complaint against Defendant in the San Diego County Superior Court on behalf of himself and others similarly situated, and on June 23, 2014, Plaintiff filed a First Amended Complaint ("Lawsuit"). The Lawsuit alleged causes of action for (1) Failure to Pay Overtime Wages; (2) Failure to Provide Accurate Wage Statements; (3) Failure to Provide Complete Wage Statements; (4) Failure to Pay Final Wages; (5) Unfair Business Practices; (6) Unfair Business Practices; and (7) Labor Code 2699 et seq. (California's Private Attorneys General Act). The Lawsuit sought recovery of compensatory damages, pre-judgment interest, waiting time penalties, statutory penalties, restitution, attorney fees and costs, and injunctive relief.

3. On July 24, 2014, Defendant removed the Lawsuit to the United States District Court, Southern District of California under the Class Action Fairness Act.

4. The Parties have conducted investigation of facts and law during the prosecution of the Lawsuit. The investigation included the exchange of information

pursuant to formal and/or informal discovery, numerous meetings, conferences between representatives of the Parties, and two Early Neutral Evaluation Conferences with United States Magistrate Judge Jill L. Burkhardt. Counsel for the Parties also have investigated the applicable law as applied to the facts discovered regarding the alleged claims of Plaintiff and potential defenses thereto, and the damages claimed by Plaintiff on behalf of himself and the class he seeks to represent. Among other things, the discovery included information regarding the number of class members, timekeeping, and payroll data for the putative class members for the entire class period, and Defendant's interstate business practices as to armored truck drivers and messengers. The Parties each conducted their own analysis as to the potential recoveries for putative class members due to the practices alleged in the Lawsuit and independently evaluated this information in light of the claims alleged. On September 12, 2014, and December 8, 2014, the Parties mediated their dispute with United States Magistrate Judge Jill L. Burkhardt, during which further information was exchanged. The Parties negotiated with the assistance of United States Magistrate Judge Jill L. Burkhardt, which resulted in the Parties reaching an agreement thereafter as to the terms of a settlement of the Lawsuit ("Settlement").

5. Nothing contained in this Joint Stipulation, nor the fact of this Joint Stipulation itself, shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Nothing herein shall constitute an admission by Defendant that the Lawsuit was properly brought as a class or representative action other than for settlement purposes. The Settlement of the Lawsuit, the negotiation and execution of this Joint Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Joint Stipulation or the Settlement: (i) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the operative Complaint in the Lawsuit; (ii) are not, shall not be deemed to be, and may not be used as, an

admission or evidence of any fault or omissions on the part of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification or administration other than for purposes of administering this Joint Stipulation.

6. For purposes of this Joint Stipulation, the "Class Member(s)" shall be defined as follows:

> **All current and former armored truck drivers and messengers who performed work for Brink's, Incorporated in the State of California during the Class Period. The Class Period is from January 1, 2014 through the date of Preliminary Approval of the Settlement by the Court.**

7. As of the date of this Joint Stipulation, there are 671 Class Members.

8. Prior to the date of Preliminary Approval, Defendant will provide Class Counsel with a sworn declaration updating the number of Class Members.

9. The Settlement described herein will resolve fully and finally all claims due or claimed to be due under state law by all Class Members that are asserted in the Lawsuit, and all claims listed in paragraphs 41 to 43 below.

10. The Class Members shall not include any person who timely opts out, who previously settled or released all claims covered by this Settlement and any person who previously was paid or received awards through civil or administrative actions for all claims covered by this Settlement.

11. Solely for purposes of settling this Lawsuit only, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Class Members have been met and are met. More specifically, the Parties stipulate and agree that:

a. The Class Members are ascertainable and so numerous as to make it impracticable to join all Class Members;

b. There are common questions of law and fact;

c. Plaintiff believes his claims are typical of the claims of the Class Members;

d. Plaintiff and Class Counsel, Alisa Martin, Esq., of AMARTIN LAW, PC will fairly and adequately protect the interests of Class Members;

e. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

f. With respect to the Class Members, Plaintiff believes questions of law and fact common to the Class Members predominate over any questions affecting any individual class member, and that a class action is superior to other available means for the fair and efficient adjudication of the controversy.

12. Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit and further denies that, for any purpose other than settling the Lawsuit, these claims are appropriate for class or representative treatment. Plaintiff, on the other hand, believes he has filed a meritorious action and that class certification is appropriate. Plaintiff contends Defendant violated California's wage and hour laws with respect to how it paid overtime to its armored truck drivers and messengers. Plaintiff also believes the Lawsuit is appropriate for class certification, as the requisites for class certification can be satisfied.

13. Defendant denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, or has any liability to anyone under the claims asserted in the Lawsuit. The Parties expressly acknowledge that this Joint Stipulation is entered into for the purpose of compromise of highly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendant. Whether or not the Settlement becomes final, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement or this Joint Stipulation,

nor any reports or accounting thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or, disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Lawsuit, or any other civil, criminal, or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Joint Stipulation. This section and all other provisions of this Joint Stipulation notwithstanding, any and all provisions of this Joint Stipulation may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Joint Stipulation or in defense of any claims released or barred by this Joint Stipulation.

14. The Parties hereby agree that the formula for allocating payments to the Class Members described below is reasonable and that the payments provided are designed to provide a fair settlement to the Class Members. Based on their own independent investigations and evaluations, Defendant and Plaintiff and their respective counsel are of the opinion that the settlement for the consideration and on the terms set forth in this Joint Stipulation are fair, reasonable, and adequate, and is in the best interests of the Class Members and Defendant in light of all known facts and circumstances and the risks inherent in litigation, including the potential appellate issues. Class Counsel believe that the settlement amount entered into is in the best interests of the Class Members and that the Settlement for Participating Class Members is fair, reasonable, and adequate, given the inherent risk of litigation.

15. Plaintiff, the Class Members, Class Counsel, Defendant and Defendant's attorneys, agree to the conditional certification of the Class Members for the sole purpose of effectuating this Settlement. Should the Settlement not become final, for whatever reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not

be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in the Lawsuit or any other legal proceeding in any jurisdiction. Defendant expressly reserves the right to oppose class certification in the Lawsuit should the Settlement not become final.

16. The purpose of this Joint Stipulation is to settle and compromise all claims by Plaintiff and the Class Members for (A) all claims due or claimed to be due under state law by all Class Members asserted in the Lawsuit for (1) failure to provide overtime compensation to armored truck drivers and messengers during the Class Period, (2) failure to provide wage statements to armored truck drivers and messengers during the Class Period reflecting "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" as required by Labor Code section 226(a)(9), (3) failure to provide final wages to armored truck drivers and messengers who performed work for Defendant during the Class Period but that are no longer employed by the Defendant, (4) unfair business practices, and (5) violations of California's Private Attorneys General Act, and (B) all claims listed in paragraphs 41 to 43, below.

17. The purpose of this Joint Stipulation is not to settle claims asserted in *Miko Stafford v. Brink's, Incorporated*, Case No. CV-14-1352.

18. The Settlement embodied in this Joint Stipulation contemplates the (a) entry of an order approving certification of the Class Members; (b) entry of a final order approving Settlement of the Lawsuit; (c) entry of judgment; (d) discharge of Defendant from liability for any and all claims relating to the Lawsuit; (e) release by the Plaintiff and all other Class Members of all claims arising out of Defendant's alleged failure to (i) pay the Class Members overtime, (ii) pay all wages due the Class Members at termination of employment, and/or (iii) provide the Class Members itemized wage statements during the Class Period reflecting "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" as required by Labor Code section 226(a)(9), all

penalties arising from these alleged violations, prejudgment and post judgment interest, restitution (including any claim for injunctive relief); and (f) with respect to the Released Claims, listed in paragraphs 41 to 43 below, the named Plaintiff will be deemed to have generally released all known and unknown claims against Defendant pursuant to California Civil Code section 1542.

19. It is the intention of the Parties that this Joint Stipulation shall constitute a full and complete settlement and release of all of the named Plaintiff's and Class Members' claims arising from or related to the allegations made in the Lawsuit against Defendant and Released Parties, as well as the named Plaintiff's claims identified in paragraphs 41 to 43, below.

20. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval and entry of final judgment in the Lawsuit based upon this Settlement.

21. The maximum total payment under the Settlement, including all payments for claims by Class Members, attorney fees and costs, the service payment to Plaintiff for his service as class representative, settlement administration costs, and any other payments provided by this Settlement is a Common Fund of $260,000.00 ("Gross Fund Value"). However, the Gross Fund Value will increase by a proportionate percentage to the number of Class Members above 671 at the time of Preliminary Approval.

22. This is a non-claims made settlement with no reversion to Defendant. It is understood and agreed that Defendant's maximum total liability under this Settlement shall not exceed the Gross Fund Value. Defendant shall pay the Gross Fund Value to the Settlement Administrator no later than 10 days after Final Approval of the Settlement.

23. In the event the Defendant fails to pay the Gross Fund Value, and the Settlement has become final, at Plaintiff's option, this Joint Stipulation shall be deemed null and void and of no force and effect except that the Class Members shall

be entitled to retain the amounts held by the Settlement Administrator and Plaintiff's claims shall be restored in full for prosecution with credit for the amount paid. Defendant agrees not to object to the restoration in full of Plaintiff's claims or to Plaintiff and/or the Class Members retaining the amounts paid as a credit against future payments.

**TERMS OF SETTLEMENT**

NOW THEREFORE, in consideration of the mutual covenants, promises, and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows.

24. It is agreed by and among Plaintiff and Defendant that any claims, damages, or causes of action arising out of the disputes which are the subject of the Lawsuit and any claims of the named Plaintiff listed in paragraphs 41 to 43 below, be settled and compromised as between the Class Members and Defendant, subject to the terms and conditions set forth in this Joint Stipulation and the approval of the United States District Court, Southern District of California.

25. The Settlement embodied in this Joint Stipulation shall become effective when all of the following events have occurred: (i) this Joint Stipulation has been executed by all Parties and by counsel for the Class Members and Defendant; (ii) the Court has given Preliminary Approval to the Settlement; (iii) notice has been given to the putative Class Members, providing them with an opportunity to file a claim, object to the terms of the Settlement, or opt out of the Settlement; (iv) the Court has held a formal fairness hearing and entered a Final Order and Judgment certifying the Class Members and granting Final Approval of this Joint Stipulation; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn, the later of the following events: (a) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (b) any appeal, writ or other appellate proceeding opposing the Settlement

has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (c) any appeal, writ or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

26. As consideration for the Settlement and the releases contained in this Joint Stipulation, Defendant agrees to pay the Gross Fund Value to settle the claims asserted in the Lawsuit. The Gross Fund Value shall be inclusive of all payments to the Participating Class Members, the service award to the named Plaintiff, attorney fees and costs to Class Counsel, all administrative fees and payroll taxes. The Net Common Fund ("NCF") shall equal the net amount available for payment of claims to the Class Members after deducting therefrom the expenses charged for the following: (1) the service award to the named Plaintiff, (2) attorney fees and costs to Class Counsel, (3) settlement administration costs, and (4) Defendant's share of the payroll taxes due on the portion of payments designated as wages.

27. Settlement Payments to the Class Members:

a. After deduction from the Gross Fund Value of the projected costs of administration, proposed class representative service award, potential attorney fees and costs, the NCF will be distributed to the Class Members as follows: Participating Class Members will get a pro rata share of the NCF based on the total workweeks they worked during the Class Period.

b. "Participating Class Members" are defined as those Class Members who do not file a request of exclusion.

c. Tax Treatment of the Settlement Payments:

With regard to payments to Participating Class Members, the payments shall be allocated 33.3% to interest, 33.3% to penalties, and 33.3% to wages. Form 1099's shall be issued for payments allocated to interest and penalties, and W-2's shall be

issued for settlement payments allocated to wages. Nothing in this Joint Stipulation is intended to constitute legal advice. To the extent that this Joint Stipulation or any of its attachments is interpreted to contain or constitute advice regarding any tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code. With regard to payments to Participating Class Members that are allocated as wages, appropriate deductions will be made for all state and federal withholding taxes.

d. Payment of Class Counsel's fees and costs will result in the issuance of a Form 1099-MISC to Class Counsel, who shall assume full responsibility and liability for the payment of taxes due on such payments.

e. Payment of the Plaintiff's service award will result in the issuance of a Form 1099-MISC to Plaintiff, who shall assume full responsibility and liability for the payment of taxes due on such payments.

f. All payments to the Class Members shall be deemed to be income to such Class Members solely in the year in which such payments actually are received by the Class Members. It is expressly understood and agreed that the receipt of such payments will not entitle any Class Member to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that payments provided for in this Joint Stipulation are the sole payments to be made by Defendant to the Class Members for the Lawsuit, and that the Class Members are not entitled to any new or additional compensation or the payment of any additional penalties or benefits as a result of having received payments under the Settlement of the Lawsuit (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

28. Class Counsel Fees and Costs: The Parties further agree that, subject to Court approval, attorney fees shall equal 33.3% of the Gross Fund Value, which amounts to $86,580.00 in attorney fees, plus litigation costs not to exceed $7,500.00. Attorney costs shall include all litigation expenses incurred by the Plaintiff in the prosecution of the Lawsuit. These attorney fees and costs will be hereinafter referred to as "Class Counsel Fees." The Class Counsel Fees shall fully compensate and reimburse Class Counsel for any and all of the work already performed in the Lawsuit and all work remaining to be performed in fully and finally resolving the Lawsuit, including but not limited to preparing and filing both Preliminary and Final Motions and/or Stipulations for securing Court approval of the Settlement, drafting of the Notice of Settlement to all Class Members, making sure that the Settlement is fairly and properly administered and defending the Settlement in any appeal or other post approval matter. For purposes of this Settlement, Defendant will not oppose an application for an award of Class Counsel Fees consistent with this Joint Stipulation. However, Defendant will not be required to pay Class Counsel more than 33.3% of the Gross Fund Value in attorney fees and costs under any circumstances pursuant to the terms of this Joint Stipulation, except as provided in paragraph 52 to enforce the provisions of this Joint Stipulation. Class Counsel shall be paid the amount awarded by the Court for Class Counsel Fees within 10 days after the Court's final approval of the settlement if no objections by Class Members have been filed, or within 60 days of the Final Approval Order if an objection is made but no appeal is filed, or within 60 days of the date the Judgment is final and no longer subject to appeal if an appeal is filed. Should the Court approve attorney fees in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the maximum attorney fees requested shall be distributed pro rata among the Participating Class Members.

29. Class Representative: Subject to Court approval, Defendant further agrees to pay Plaintiff a service award of $15,000 in addition to his settlement share.

Defendant will not object to Class Counsel's application for court approval of the incentive payment to Plaintiff for his service as the Class Representative. It is understood that the incentive payment is in addition to Plaintiff's settlement fund share to which he is entitled, along with other Class Members. The Settlement Administrator will issue a 1099 Form for the incentive payment to Plaintiff for his service as Class Representative, and Plaintiff will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amount received. Plaintiff agrees to indemnify Defendant for any liability Defendant incurs to any tax authority on account of Plaintiff's failure to pay all taxes due on the incentive payment. Should the Court approve an incentive payment to Plaintiff in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the maximum service payment requested shall be distributed pro rata among the Participating Class Members. The incentive payment will be paid to Plaintiff on the same date the Class Counsel Fees are paid.

30. California's Private Attorneys General Act Civil Penalties: Subject to Court Approval, Defendant agrees to pay $5,000 in civil penalties under California's Private Attorneys General Act, of which 75% shall be paid to the Labor Workforce Development Agency and 25% shall be distributed to the NCF for payment to the Participating Class Members. The payment to the Labor Workforce Development Agency will be made on the same date the Class Counsel Fees are paid.

31. The Settlement Administrator shall cause payments to be mailed to the Participating Class Members within 10 days after the Court's Final Approval of the Settlement if no objections by Class Members have been filed, or within 60 days of the Final Approval Order if an objection is made but no appeal is filed, or within 60 days of the date the Judgment is final and no longer subject to appeal if an appeal is filed.

32. Participating Class Members shall have 180 calendar days to cash their settlement checks. At the conclusion of the Lawsuit, any residue from "uncashed

checks" shall revert by the doctrine of cy pres to the Interdisciplinary Center for Healthy Workplaces.

33. The Settlement Administrator shall provide written notice to Class Counsel and Defendant no later than 10 days after the last date of the Opt-Out Period, defined in paragraph 38 below, with a complete list of all putative members of the Class who have timely requested exclusion from the class and the number of total workweeks associated with each. Defendant, in its sole and independent discretion, shall have the right, but not the obligation, to revoke this Joint Stipulation if requests to opt-out from the settlement are filed by 20% or more of the Class Members, measured on a headcount basis. Defendant must exercise this option in writing, if at all, within 15 days after receipt of the list of all excluded Class Members. In the event that the Joint Stipulation is voided pursuant to this provision, then the following shall apply: (a) Nothing in this Joint Stipulation shall be construed as a determination, admission, or concession of any substantive or procedural issue in the Lawsuit, and nothing in this Joint Stipulation may be offered into evidence in any hearing or trial, or in any subsequent pleading or in any subsequent judicial, arbitral, or administrative proceeding; and (b) the Parties expressly reserve their rights with respect to the prosecution and defense of the Lawsuit as if this Joint Stipulation never existed; and (c) Defendant shall bear any costs for notice or settlement administration incurred by the Settlement Administrator through that date.

**SETTLEMENT ADMINISTRATION**

34. The Parties have agreed to the appointment of Simpluris to perform the customary duties of Settlement Administrator. Settlement administration Expenses shall not exceed $10,000, to be paid from the Gross Fund Value. With respect to the settlement administration, the Settlement Administrator shall:

a. Prepare, print, and mail the Notice of Settlement, Dispute Form, and Opt-Out Form in English and Spanish to the Class Members as provided in this Joint Stipulation.

b. Skip trace and re-mail all returned, undelivered mail within 10 days of receiving notice that the mailing was undeliverable.

c. Establish an interest bearing bank account for the deposit of the Gross Fund Value and deposit the same into such account upon receipt from Defendant.

d. Identify the Class Members, determine the correct settlement payments and withholdings, and timely forward all requisite information to the Parties.

e. Coordinate with Defendant to research and/or investigate any disputes, challenges, or objections submitted by Participating Class Members regarding the provided information for the Class Members during the Class Period.

f. Identify and report Class Member opt-outs to the Parties.

g. Prepare and circulate to counsel for the Parties a Declaration of Responses.

h. Prepare and circulate to counsel for the Parties a Declaration of Compliance.

i. Identify any checks that are not timely cashed in accordance with the terms of this Joint Stipulation and provide such information to the Parties.

j. Confirm to the Parties the payments to be remitted by the Settlement Administrator and mail settlement checks to Participating Class Members, the Class Counsel Fees awarded to Class Counsel, the service award to Plaintiff, and civil penalties payment to the Labor Workforce Development Agency.

k. If applicable, recalculate and confirm any reallocation of amounts to include in the NCF and mail such checks to Participating Class Members in accordance with the terms of this Joint Stipulation.

l. The Settlement Administrator shall attempt to resolve any disagreement with any Participating Class Member and may request any information or assistance from Defendant or Class Counsel that the Settlement Administrator believes may assist in resolving the disagreement. In the event of a dispute by a Participating Class Member, or a discrepancy, regarding the portion of the NCF to be paid to a particular

Participating Class Member, Defendant's records of dates of employment, employer personnel records and employer payroll records, including hours shall be presumed to be correct, which may only be rebutted by evidence, including any documentary evidence, submitted by the Participating Class Member. If the Settlement Administrator is unable to resolve a dispute, there shall be two ways any such dispute can be resolved. First, the Parties' counsel may stipulate to a compromise. Second, if counsel is unable to stipulate to a compromise, the dispute shall be submitted by the Participating Class Member, Class Counsel, and Defendant's attorneys to the Settlement Administrator for final and binding determination. In connection with the resolution of such a dispute, Defendant shall make available to Class Counsel, subject to the consent of such Participating Class Member or court order, such records and documents as are in their possession or control that bear on the calculation of the Participating Class Member's entitlement to a portion of the NCF.

m. Provide to the Parties a final, detailed list of all payments from the Gross Fund Value and provide to Defendant the Internal Revenue Service forms provided to Participating Class Members by the Settlement Administrator.

n. All such other tasks required by this Joint Stipulation, as the Parties mutually agree or as ordered by the Court.

**NOTICE TO THE SETTLEMENT CLASS**

35. The Parties agree that within 10 calendar days after Preliminary Approval of this Joint Stipulation, Defendant will provide to the Settlement Administrator all of the following information about each class member in a format requested by the Settlement Administrator ("Class Data List"): (1) name, (2) most current mailing address and telephone number, (3) dates of employment as a Class Member during the Settlement Period, and (4) total workweeks worked by each Class Member during the Class Period. Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address

Database information to update and correct for any known or identifiable address changes.

36. Within 10 calendar days after receipt of the Class Data List by the Settlement Administrator, a Notice of Settlement in the form attached hereto as Exhibit "A," and as approved by the Court, shall be sent in both English and Spanish by the Settlement Administrator to the Class Members, by first class mail. Attached to the Notice of Settlement will be a Dispute Form, in both English and Spanish and in the form attached hereto as Exhibit "B," and as approved by the Court. Also attached to the Notice of Settlement will be an Opt-Out Form, in both English and Spanish and in the form attached hereto as Exhibit "C," and as approved by the Court. Any returned envelopes from this mailing with forwarding addresses will be utilized by the Settlement Administrator to resend the Notice of Settlement, Dispute Form, and Opt-Out Form returned to the Settlement Administrator.

37. Notices of Settlement returned to the Settlement Administrator as non-delivered shall be skip-traced and re-sent to the forwarding address, if any, on the returned envelope within 5 days of receiving notice that a Notice of Settlement was undeliverable. A returned Notice of Settlement will be forwarded only once per Class Member by the Settlement Administrator. Upon completion of these steps by the Settlement Administrator, Defendant shall be deemed to have satisfied its obligation to provide the Notice of Settlement to the affected Class Members. The affected Class Members shall remain members of the Class and shall be bound by all the terms of the Joint Stipulation and the Court's Order and Final Judgment.

38. Subject to Court approval, Class Members shall have 30 calendar days from the date the Settlement Administrator first mails the Notice of Settlement to the Class (referred to hereafter as the "Opt-Out Period") to properly submit requests to opt-out from the settlement to the Settlement Administrator. Opt-Out Forms postmarked after the close of the Opt-Out Period will not be honored, unless the Parties agree otherwise. In order for the opt out to be valid, the Class Member must

mail a written statement, signed and dated to the Settlement Administrator within 30 days of mailing of the Notice of Settlement. Neither party nor their counsel shall encourage any Class Member to opt out of the settlement.

39. The Class Members shall have 30 days from the date the notice is first mailed to the Class to submit a Dispute Form.

40. Any Class Member who has not effectively opted out of the Settlement shall be given the opportunity to object to any of the terms of the settlement and to participate at the Final Approval hearing, in accordance with the instructions set forth in the Notice of Settlement. Any Class Member seeking to object to the terms of the Settlement shall file such objection in writing with the Court and serve such objection on Class Counsel and Defendant's attorneys, with the service and filing being no later than 30 calendar days after the original date of mailing of the Notice of Settlement by the Settlement Administrator. Any Class Member who fails to file and serve a timely written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from objecting to the terms of the Settlement unless otherwise ordered by the Court.

**MUTUAL RELEASE BY THE CLASS AND DEFENDANT**

41. Upon final approval by the Court of this Joint Stipulation, and except as to such rights or claims as may be created by this Joint Stipulation, the Class Members who have not submitted a valid Opt-Out Form, and Defendant, fully release and discharge each other, as well as any heirs and assigns, parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney fees, penalties, damages, action or causes of action contingent or accrued for, or which relate to or arise out of the allegations and claims asserted in the Lawsuit and any and all related claims, which are hereby defined as claims for set-off, claims for meal and rest periods, unpaid wages, minimum wage, overtime, final wages, itemized wage statements reflecting "all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" as required by Labor Code section 226(a)(9), or violations of California Labor Code sections 201, 202, 203, 218.5, 226(a)(9), 226.7, 510, 512, 558, 1194, 1198, 2698 to 2699.5, 2802, the Industrial Welfare Commission Wage Order 5-2001, and Business and Professions Code section 17200 et seq., California Code of Civil Procedure 1021.5, damages and/or penalties whether any such related claim is known or unknown, contingent or accrued, statutory or common law; such related claims are released against the Released Parties, as well as interest and statutory penalties and other related penalties on any such related claims ("Released Claims"). Released Claims shall expressly exclude claims for unemployment compensation, disability, workers' compensation, discrimination, retaliation, and all claims outside of the Class Period. The time period covered by this release is January 1, 2014, through the date of Preliminary Approval. Participating Class Members also provide a waiver pursuant to Civil Code section 1542 as to the causes of action in the Lawsuit for the Class Period only. Section 1542 of the Civil Code states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**DEFENDANT'S RELEASE OF CLAIMS AGAINST PLAINTIFF**

42. In further consideration for Plaintiff's release of claims, Defendant releases and waives any and all claims that it might possibly have against Plaintiff, arising out of the allegations in the operative Complaint, whether Defendant is aware of such claims or not. Defendant hereby completely releases and forever discharges Plaintiff, as well as his respective heirs, representatives, successors and assigns from all claims, rights, demands, actions, obligations, and causes of action arising out of

the allegations in the operative Complaint, known or unknown, which Defendant may now have, or has ever had, against him arising from or in any way connected with Plaintiff's allegations in the operative Complaint. This release covers all claims arising out of the allegations in the operative Complaint, whether arising in tort or contract, whether equitable or legal in nature. Defendant further agrees that if any such claim is prosecuted in its name before any court or administrative agency, it waives and agrees not to take any award of money or other damages from such suit.

**MUTUAL RELEASE OF CLAIMS BY DEFENDANT AND PLAINTIFF**

43. The Parties agree that there is a risk that each and every injury that each may have suffered by reason of their employment relationship might not now be known, and there is a further risk that said injuries, whether known or unknown at the date of this Joint Stipulation, might possibly become progressively worse, and that as a result thereof further damages may be sustained by them respectively.

a. Nevertheless, Plaintiff desires to forever and fully release and discharge Defendant, and Defendant desires to forever and fully release Plaintiff, and understand that by the execution of this Joint Stipulation, no further claims for any such injuries that existed at the time of the execution of this Joint Stipulation may ever be asserted by Defendant against Plaintiff or vice versa.

b. Defendant and Plaintiff expressly waive and relinquish all rights and benefits afforded to them by Section 1542 of the Civil Code and do so understanding and acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

c. Notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge, Plaintiff and Class Counsel on the one hand, and Defendant and Defendant's Counsel on the other, expressly acknowledge that the Parties' respective General Releases are intended to include in their effect, with the specific exclusion of any pending workers' compensation claims, all claims that each Party knows of, as well as all claims that the Party does not know or suspect to exist in its or his favor against an opposing Party at the time of this Joint Stipulation, and that this Joint Stipulation contemplates the extinguishment of any such claims.

d. Plaintiff understands fully the statutory language of Civil Code section 1542, and, with this understanding, assumes all risks for claims released hereunder that have already arisen or may in the future arise, whether known or unknown, suspected or unsuspected, and specifically waives all rights he may have under Civil Code section 1542. Plaintiff understands that, if any of the facts relating in any manner to this Lawsuit, or to the release of and dismissal of claims as provided in this Joint Stipulation, are hereafter found to be other than or different from the facts now believed to be true, he has expressly accepted and assumed that risk and agrees that this Joint Stipulation and the release of claims contained herein shall nevertheless remain effective.

**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

44. The Parties shall promptly submit this Joint Stipulation to the United States District Court, Southern District of California in support of Plaintiff's Motion for Preliminary Approval and determination as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Joint Stipulation, the Parties shall apply to the Court for the entry of an order substantially in the following form:

a. Scheduling a fairness hearing on the question of whether the Settlement, including payment of attorney fees and costs, Plaintiff's service award, and payment

of civil penalties to the Labor Workforce Development Agency should be finally approved as fair, reasonable, and adequate;

b. Certifying the Class for settlement purposes only;

c. Approving as to form and content the proposed Notice of Settlement, Dispute Form, and Opt-Out Form;

d. Directing the mailing of the Notice of Settlement, Dispute Form, and Opt-Out Form by first class mail to the Class Members;

e. Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

f. Appointing Plaintiff Timothy Belew as the Class Representative and Alisa A. Martin at AMartin Law, PC as Class Counsel.

**DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**

45. Following Final Approval by the Court of the Settlement provided for in this Joint Stipulation and payment of all funds due, Class Counsel will submit a proposed Final Order and Judgment:

a. Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b. Approving Class Counsel's application for an award of attorney fees and costs;

c. Approving the service award to Plaintiff;

d. Approving settlement administration costs; and

e. Entering judgment permanently barring and enjoining all Class Members from prosecuting against Defendant, any individual or class claims released herein, upon satisfaction of all payments and obligations hereunder.

46. Parties' Authority: The signatories hereto hereby represent that they are fully authorized to enter into this Joint Stipulation and bind the Parties hereto to the terms and conditions thereof.

47. Mutual Full Cooperation: The Parties agree to fully cooperate with each other to accomplish the terms of this Joint Stipulation, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Joint Stipulation. The Parties to this Joint Stipulation shall use their best efforts, including all efforts contemplated by this Joint Stipulation and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Joint Stipulation and the terms set forth herein. As soon as practicable after execution of this Joint Stipulation, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Joint Stipulation.

48. Payments: The Settlement embodied in this Joint Stipulation shall become final on the earlier of (i) the Court's Final Approval of this Settlement if no objections by Class Members have been filed, or (ii) the final resolution of any appeal of objections such that the judgment is no longer subject to appeal.

49. Continuing Jurisdiction: The Court shall retain continuing jurisdiction over this Lawsuit to ensure the continuing implementation of the provisions of this Joint Stipulation.

50. No Prior Assignments: The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

51. No Admission: Nothing contained herein, nor the consummation of this Joint Stipulation, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Joint Stipulation solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

52. Enforcement Actions: In the event that one or more of the Parties to this Joint Stipulation institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Joint Stipulation or to declare rights and/or obligations under this Joint Stipulation, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorney fees and costs, including expert witness fees incurred in connection with any enforcement actions.

53. Notices: Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing, addressed as follows:

TO PLAINTIFF AND CLASS MEMBERS:

Alisa A. Martin CA Bar No. 224037
AMARTIN LAW
600 West Broadway, Suite 700
San Diego, CA 92101

TO DEFENDANT:

Spencer C. Skeen
Tim L. Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122

54. Construction: The Parties hereto agree that the terms and conditions of this Joint Stipulation are the result of lengthy, intensive arms-length negotiations between the Parties, and this Joint Stipulation shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Joint Stipulation.

55. Captions and Interpretations: Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Joint Stipulation or any provision hereof. Each term of this Joint Stipulation is contractual and not merely a recital.

56. Modification: This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Joint Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

57. Integration Clause: This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

58. Binding on Assigns: This Joint Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

59. Counterparts: This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties.

**CLASS REPRESENTATIVE**

DATED: February 24, 2015

**PLAINTIFF**

By: ______________________
Timothy Belew

**DEFENDANT**

DATED: February __, 2015

**DEFENDANT**

By: ______________________
Brink's, Incorporated
By its Chief Executive Officer

56. Modification: This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Joint Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

57. Integration Clause: This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

58. Binding on Assigns: This Joint Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

59. Counterparts: This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties.

**CLASS REPRESENTATIVE**

DATED: February __, 2015

**PLAINTIFF**

By: ______________________
Timothy Belew

**DEFENDANT**

DATED: February 24, 2015

**DEFENDANT**

By: ______________________
Brink's, Incorporated
By its Chief Executive Officer

**APPROVED AS TO FORM AND CONTENT**

DATED: February 24, 2015

AMARTIN LAW, PC

By: ______________________________
Alisa A. Martin
Attorney for Plaintiff and Class Counsel

DATED: February __, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ______________________________
Spencer C. Skeen
Tim L. Johnson
Attorneys for Defendant

**APPROVED AS TO FORM AND CONTENT**

DATED: February __, 2015

AMARTIN LAW, PC

By: ______________________
Alisa A. Martin
Attorney for Plaintiff and Class Counsel

DATED: February 24, 2015

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ______________________
Spencer C. Skeen
Tim L. Johnson
Attorneys for Defendant

# EXHIBIT A

# NOTICE

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A CURRENT AND FORMER ARMORED TRUCK DRIVER AND MESSENGER WHO WORKED FOR BRINK'S, INCORPORATED IN THE STATE OF CALIFORNIA AT ANY TIME BETWEEN JANUARY 1, 2014 AND XXX, 2015.

**PLEASE READ THIS NOTICE CAREFULLY**
**YOU MAY BE ENTITLED TO MONEY FOR UNPAID WAGES**

## 1. *WHY SHOULD I READ THIS?*

The Southern District Court of California preliminarily approved a settlement. You have the following options under this proposed settlement:

**Do Nothing**. **You do not need to do anything to receive money from the settlement**. You are automatically included in this settlement. YOUR ESTIMATED SETTLMENT AMOUNT IS: $_________.

**Request To Be Excluded From The Settlement**. If you don't want to receive money from the settlement and would like to pursue your own lawsuit against Brink's, Incorporated ("Brink's") for unpaid wages, and related claims, you must return the enclosed Opt-Out Form by XXX, 2015.

**Object to the Settlement**. If you want to object to the settlement's terms, you must file and serve an objection by XXX, 2015.

THIS NOTICE EXPLAINS YOUR OPTIONS IN MORE DETAIL AND ANSWERS THE FOLLOWING QUESTIONS:

Section 2 – Will Brink's retaliate against me for participating in the settlement?
Section 3 – Why did I receive this notice?
Section 4 – What is this lawsuit about?
Section 5 – What are the settlement terms?
Section 6 – Will I receive money from the settlement?
Section 7 – How is my estimated settlement share calculated?
Section 8 – Do I have to pay taxes on my settlement share?
Section 9 – Do I have to pay or give up anything to receive money under the settlement?
Section 10 – How do I get money from the settlement?
Section 11 – When will I receive money from this settlement?
Section 12 – What am I supposed to do now?
Section 13 – If I don't request to be excluded from the settlement, can I later sue Brink's for the same wage-and-hour violations?
Section 14 – When will the Court approve the settlement?
Section 15 – How can I get additional information?
Section 16 – What are the important deadlines?

## 2. *WILL BRINK'S RETAILATE AGAINST ME FOR PARTICIPATING IN THE SETTLEMENT?*

**NO RETALIATION ALLOWED**

The law prohibits Brink's from retaliating against you for seeking money under this settlement. Brink's will not retaliate against you. In fact, Brink's wants you to participate in this settlement so that it can settle all wage-and-hour claims you may have against it. The Court has approved Alisa A. Martin at AMartin Law, PC as Class Counsel. Class Counsel represents all Class Members. If anyone discourages you (or anyone else) from seeking money under this settlement, immediately report this to Class Counsel:

AMARTIN LAW PC
Alisa A. Martin, Esq.
600 West Broadway, Ste 700
San Diego, CA 92101
Telephone: 619.308.6880
Facsimile: 619.308.6881
alisa@amartinlaw.com

## 3. *WHY DID I RECEIVE THIS NOTICE?*

You are a member of a class defined as: all current and former armored truck drivers and messengers who worked for Brink's, Incorporated in the State of California during the Class Period. The Class Period is from January 1, 2014 through XXX, 2015.

## 4. *WHAT IS THIS LAWSUIT ABOUT?*

Timothy Belew sued his former employer Brink's for committing several wage-and-hour violations. Belew primarily alleged that starting on January 1, 2014, Brink stopped paying overtime to armored truck drivers and messengers when they worked more than 45 hours during a workweek.

Brink's, however, denies doing anything wrong, and contends, among other things, that its armored truck drivers and messengers are exempt from California's overtime law.

The Court has not made any determination as to whether Plaintiff's claims or Brink's defenses are legally valid. Nonetheless, the parties believe it is in their best interests to settle this lawsuit due to the uncertainties of trial, the benefits of settlement, the associated costs of continued litigation, the likely appeals, and the inconvenience and interference with personal matters and business operations.

## 5. *WHAT ARE THE SETTLEMENT TERMS?*

**Settlement Amount**

Brink's agreed to pay $250,000.

**Distribution of the Settlement Amount**

Subject to court approval, a neutral third-party Administrator will distribute the money as follows:

**First**, the Administrator will pay an incentive award to Timothy Belew. The award recognizes his efforts and risks (financial, professional, and emotional) in pursuing claims against Brink's. The incentive award will not exceed $15,000.

**Second,** the Administrator will pay Class Counsel's fees and costs as awarded by the Court. Class Counsel will ask for $83,333 in fees and not more than $7,500 in costs. The Court will determine the actual amount awarded.

**Third,** the Administrator will pay itself for all incurred administration costs, including the costs of preparing and mailing this Notice, and processing disputes and requests to be excluded from the settlement, and distributing money from the settlement. The fees and costs paid to the Administrator are expected not to exceed $10,000.

**Fourth,** the Administrator will pay the California Labor and Workforce Development Agency $3,750 in penalties for alleged violations under the Private Attorneys General Act.

**Fifth,** the Administrator will pay the remaining amount to class members as compensation for owed wages, penalties, and interest.

## 6. *WILL I RECEIVE MONEY FROM THE SETTLEMENT?*

You are eligible to receive money from this settlement. Please refer to Section 1 above for the estimated amount.

## 7. *HOW IS MY ESTIMATED SETTLEMENT SHARE CALCULATED?*

Brink's records show that you worked at Brink's at from _____ to _____ and that between January 1, 2014 and XXX, 2015, you worked ___ weeks.

**This settlement is for alleged wage-and-hour violations that occurred between January 1, 2014 and xxx, 2015 only. Even though you may have worked at Brink's before January 1, 2014 or after xxx, 2015, those weeks are not included in your settlement share calculation.**

Based on the number of weeks you worked at Brink's between January 1, 2014 and XXX, 2015, your estimated settlement share in Section 1 was calculated as follows:

1. First, we subtracted the anticipated court awarded fees and costs from the total settlement amount of $250,000 to determine the amount of money available to pay to class members.

   | | | | | |
   |---|---|---|---|---|
   | Settlement Sum ($250,000) | - | Incentive Award ($15,000) | = | Net Settlement Fund |
   | | | Class Counsel Fees ($83,333) | | |
   | | | Class Counsel Costs ($7,500) | | |
   | | | Administrative Costs ($10,000) | | |
   | | | LWDA Payment ($3,750) | | |

2. Second, we took the number of weeks you worked at Brink's between January 1, 2014 and XXX, 2015 and divide that number with the number of weeks worked by all class members between the same dates. This calculation gave your proportional share of the Net Settlement Fund.

   Your # of Work Weeks ÷ Total # of Class' Work Weeks = Your Proportional Share

3. Third, we multiplied your proportional share with the Net Settlement Fund. This calculation gave your estimated settlement share.

   Net Settlement Fund x Your Proportional Share = Your Estimated Settlement Share

## 8. *DO I HAVE TO PAY TAXES ON MY SETTLEMENT SHARE?*

One-third of your settlement share will be treated as wages that are subject to the normal payroll taxes, withholdings, and W-2 reporting. The remaining two-thirds will be treated as interest and penalties that are subject to IRS Form 1099 reporting.

**You will be responsible for paying any taxes owed on your award. Neither the parties, the parties' counsel nor the Court can provide you with tax advice. If a taxing authority concludes that more than**

**one-third of your settlement share should be treated as wages or that the interest and penalties reported on the IRS Form 1099 is subject to taxes, or that a portion of your settlement share is mischaracterized or that your settlement share is otherwise subject to additional taxes, you will be fully responsible for those taxes and any penalties imposed against you for failing to pay all taxes owed on your settlement share.**

## 9. *DO I HAVE TO PAY OR GIVE UP ANYTHING TO RECEIVE MONEY UNDER THE SETTLEMENT?*

You don't have to pay anything to receive money under the settlement. But in exchange for receiving money, you and Brink's fully release and discharge each other, as well as any heirs and assigns, parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney fees, penalties, damages, action or causes of action contingent or accrued for, or which relate to or arise out of the allegations and claims asserted in the Lawsuit and any and all related claims, which are hereby defined as claims for set-off, claims for meal and rest periods, unpaid wages, minimum wage, overtime, final wages, itemized wage statements reflecting "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" as required by Labor Code section 226(a)(9), or violations of California Labor Code sections 201, 202, 203, 218.5, 226(a)(9), 226.7, 510, 512, 558, 1194, 1198, 2698 to 2699.5, 2802, the Industrial Welfare Commission Wage Order 5-2001, and Business and Professions Code section 17200 et seq., California Code of Civil Procedure 1021.5, damages and/or penalties whether any such related claim is known or unknown, contingent or accrued, statutory or common law; such related claims are released against the Released Parties, as well as interest and statutory penalties and other related penalties on any such related claims.

However, you are not releasing claims for unemployment compensation, disability, workers' compensation, discrimination, retaliation, and all claims outside of the Class Period. The Class Period covered by this release is January 1, 2014, through XXX, 2015.

You also are providing a waiver pursuant to Civil Code section 1542 as to the causes of action in the Lawsuit for the Class Period only. Section 1542 of the Civil Code states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## 10. *HOW DO I GET MONEY FROM THE SETTLEMENT?*

You do not have to do anything to receive money from the settlement. Please refer to Section 1 above for the estimated amount you are eligible to receive.

## 11. *WHEN WILL I RECEIVE MONEY FROM THIS SETTLEMENT?*

If the Court grants final approval of this settlement without delay, your settlement share will be paid around XXX, 2015.

If you relocate, it's imperative that you provide your new address to the Administrator at:

Brink's's Administrator
c/o XXX
P.O. Box _____
XXX

**If any settlement check is uncashed after 180 days, your settlement share will be sent in your name to the California's State Controller's Office for Unclaimed Property.**

## 12. *WHAT AM I SUPPOSED TO DO NOW?*

You may do any of the following:

**Option #1 – You Don't Need to Do Anything to Receive Money**

You don't have to do anything to receive money from the settlement. If the Court grants final approval of this settlement, your settlement share will be mailed to you.

**Option #2 – You Can Dispute Your Employment Dates or Work Weeks Listed in Section 7**

If you believe your employment dates and workweeks listed in Section 7 are incorrect, you must complete and mail the enclosed Dispute Form, postmarked no later than XXX, 2014, to the Administrator at:

Brink's's Administrator
c/o XXXXXXXXX
P.O. Box _____
XXXXXXXXXXX

To the extent you have anything, you must include documents that show your correct employment dates or the number of weeks worked.

**Option #3 – You Can Request to Opt-Out of the Settlement**

If you don't want to receive money from the settlement or be bound by the settlement's terms, you must complete and mail the enclosed Opt-Out Form, postmarked no later than XXX, 2015, to the Administrator at the address provided in this Section under Option #2. If you timely mail a completed Opt-Out Form:

1. You will not receive any money;
2. You will not be bound by the settlement or by any judgment entered in this lawsuit;
3. You will not be allowed to object to the settlement as explained below; and
4. You will be able to bring your own lawsuit against Brink's for wage-and-hour violations.

**Option #4 – You Can Object to the Settlement**

If you want to object to the entire settlement, you must do so in writing and state:

1. Your full name, address, and telephone number;
2. Include the case name ("Belew v. Brink's Incorporated,"), judge ("John A Houston"), Courtroom ("Courtroom 13B"), and Case Number ("Case No. 14CV1748 JAH JLB");

**3.** The word "Objection"; and

**4.** In clear and concise terms, state the legal and factual reason as to why you believe the settlement, or a particular term of the settlement, is unfair, unreasonable, or not in the Class' best interest.

Your objection must be mailed to the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California, 92101 (Case No. 14CV1748 JAH JLB 30-2014-00711312-CU-OE-CXC). The objection must be mailed no later than XXX, 2015. You must also mail a copy of the objection to all parties' counsel:

To Class Counsel:

Alisa A. Martin, Esq.
AMARTIN LAW PC
600 West Broadway, Ste. 700
San Diego, CA 92101
alisa@amartinlaw.com

To Defendants:

Spencer C. Skeen, Esq.
Tim I. Johnson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
spencer.skeen@ogletreedeakins.com
tim.johnson@ogletreedeakins.com

If you timely file and mail the objection, you may appear at the final approval hearing scheduled on XXX, 2015, before Judge John A. Houston in Courtroom 13B (13th Floor – Annex), located at 333 West Broadway, San Diego, CA 92101. You can appear in person or via your own attorney. If you hire your own attorney to represent you at the hearing, you will be obligated to pay your own attorney's fees and costs.

If you object to the settlement, you will still remain a class member. As a result, if the Court approves the settlement, you will be bound by the settlement terms, and precluded from bringing your own individual lawsuit against Brink's for wage-and-hour violations that occurred between January 1, 2014 and XXX, 2015.

If you don't properly object to the settlement, you cannot later object to the settlement or appeal a court order granting final approval of the settlement.

You cannot object to the settlement if you completed and returned the Opt-Out Form.

Don't file an objection if you only dispute the accuracy of (1) your employment dates or (2) the number of weeks you worked during the relevant timeframe listed in Section 7 above. The procedure for disputing that information is set forth in this Section under Option #2.

## 13. *IF I DON'T OPT-OUT OF THE SETTLEMENT, CAN I LATER SUE BRINK'S FOR THE SAME WAGE-AND-HOUR VIOLATIONS?*

Unless you timely submit a completed Opt-Out Form, you may not sue Brink's for the same or related wage and hour violations that occurred between January 1, 2015 and XXX, 2015 under California law.

## 14. *WHEN WILL THE COURT APPROVE THE SETTLEMENT?*

On **XXX, 2015 at XXX**, the Court will hold a final approval hearing on the settlement's adequacy, reasonableness, and fairness. The hearing will occur before Judge John A. Houston in Courtroom 13B

(13th Floor – Annex), located at 333 West Broadway, San Diego, CA 92101. The Court will hear any objections to the settlement. The Court may move the hearing to another date. If that happens, you will not be notified of this change; however, you can always check the Court's calendar for changes at https://www.casd.uscourts.gov/Calendars/SitePages/Home.aspx.

The Court may grant final approval of the settlement at the hearing or the Court may take the matter under submission and issue its ruling at a later date. Generally, courts will issue their ruling within a week or two of the final approval hearing.

**You do not have to attend the final approval hearing to receive money from this settlement.**

## 15. *HOW CAN I GET ADDITIONAL INFORMATION?*

This Notice only summarizes the lawsuit and proposed settlement and does not purport to be comprehensive. For more detailed information, you may review court documents at the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California, 92101. You may also call Class Counsel Alisa A. Martin of AMartin Law PC at (619) 308-6880 for additional information.

**PLEASE DON'T CALL OR WRITE THE COURT, BRINK'S OR BRINK'S ATTORNEYS ABOUT THIS NOTICE**

## 16. *WHAT ARE THE IMPORTANT DEADLINES?*

- The deadline to opt-out of the settlement is **XXX, 2015**; and
- The deadline to object to the settlement is **XXX, 2015**.

**THE COURT APPROVES THIS NOTICE.**

Dated: ____________, 2015

/s/____________________
The Honorable John A. Houston
United States District Court, Southern District of California

# EXHIBIT B

# DISPUTE FORM

# DISPUTE FORM

<<Claim Number>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip Code>>

Name/Address Changes, if any:
________________________________________
________________________________________
________________________________________
________________________________________

**YOU ONLY HAVE TO COMPLETE THIS SECTION IF YOU BELIEVE YOUR EMPLOYMENT DATES AND WORK WEEKS STATED IN SECTION 7 OF THE NOTICE WERE INCORRECT.**

MAIL TO:

Brink's Administrator
c/o XXXXXXXXX
P.O. Box ____
XXXXXXXXXXX

## INSTRUCTIONS

1. If you disagree with your employment information, you must indicate below your correct employment dates and/or the number of weeks you worked between January 1, 2014 and XXX, 2015.

   ________________________________________________________________________________
   ________________________________________________________________________________
   ________________________________________________________________________________

2. If you have documents that show when you worked at Brink's, please include.

3. You must return this Form with any supporting documents to the Administrator by **XXX, 2015**.

   **I declare under penalty of perjury under the laws of the State of California that any information I provided on or with this Form is true and correct.**

Dated:______________________

Signature: ________________________________

Print Name: ______________________________

Telephone Number: ______________________________

# EXHIBIT C

# OPT-OUT FORM

# OPT-OUT FORM

*Timothy Belew v. Brink's, Incorporated*

United States District Court, Southern District of California
Case No. 14cv1748 JAH JLB

**THIS FORM MUST BE POSTMARKED NO LATER THAN XXX, 2015.**

**PLEASE MAIL THIS FORM TO:**

Administrator
XXXXXX
XXXXXXXXXXXXX
XXXXX

**REVIEW STATEMENT AND SIGN.**

**IT IS MY DECISION NOT TO RECEIVE ANY MONEY FROM THE SETTLEMENT.** I confirm that I received notice of the proposed settlement, I reviewed the notice, I have decided to exclude myself from the settlement, and I have decided not to receive my portion of the settlement award or be subject to the terms of the settlement.

Dated:______________________ Signature:_________________________________

Print Name:_______________________________

Telephone Number: (____)_____________