**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY BELEW, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRINK'S INCORPORATED, a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. CIVDS1500375<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MICHAEL BUI REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |

I, MICHAEL BUI, hereby declare:

1. I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. Our Corporate Office address is 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626. My telephone number is (800) 779-2104. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2. Simpluris is a Class Action Settlement Administration company located in Costa Mesa, California. It was founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail-House Operations, and Call Center Support Management.

3. Simpluris was engaged by Counsel for the Class Representatives ("Plaintiff"), and Brink's Incorporated ("Defendants"), (collectively the "Parties"), to provide settlement administration services in the *Belew v. Brink's Incorporated* case ("Settlement"). Simpluris has been, and if the Court grants final approval of the Settlement, will be responsible, among other things, for: (a) printing and mailing the Notice of Class Action Settlement, Dispute Form, and Opt Out Form ("Notice Packet") in English and Spanish for Class Members; (b) receiving undeliverable Notice Packets; (c) receiving and validating requests for exclusion; (d) calculating individual settlement payments, distributing funds, and tax-reporting following final approval; (e) mailing settlement checks; (f) answering questions from Class Members; (g) and for such other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

4. On April 25, 2015, Simpluris received the Court-approved Notice Packet from Counsel. The Notice Packet advised Class Members of their right to opt out from the Settlement, object to the Settlement, and do nothing, and the implications of each such action. The Notice Packet advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information. A copy of the Notice Packet is attached hereto as **Exhibit A**.

5. On May 1, 2015, Counsel for Defendant provided Simpluris with a mailing list

("Class List") containing Class Members' names, most recent mailing address, social security numbers, employee identification numbers, and the respective number of days and weeks that each Class Member worked during the Class Period. The Class List contained data for six hundred and seventy-eight (678) Class Members.

6. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packets.

7. On May 12, 2015, Notice Packets were mailed to six hundred and seventy-eight (678) class members with addresses contained in the Class List via First Class mail.

8. As of August 17, 2015, 10 Notice Packets were returned by the post office. For those without forwarding addresses, Simpluris attempted to find a forwarding address using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name and previous address to locate a current address. Altogether, Simpluris re-mailed 4 Notice Packets to either; a new forwarding address provided by the Post Office, a newfound address using Accurint, or a forwarding address provided by the Class. Ultimately, 5 Notice Packets remained undeliverable because Simpluris was unable to find a deliverable address.

9. As of August 17, 2015, Simpluris has received one hundred and eighty-three (183) valid requests for exclusion from the Settlement. Of these, seven (7) are untimely and were accepted by the parties. A list of the individuals requesting exclusion from the settlement is attached hereto as **Exhibit B**.

10. As of August 17, 2015, Simpluris has received one (1) objection.

11. As of August 17, 2015, there are Four Hundred and Ninety-Five (495) Participating Class Members who will be paid their share of the Net Settlement Amount, estimated to be $133,495.55. The *highest* Settlement Share to be paid is approximately $371.06 and the *average* Settlement Share to be paid is approximately $269.68.

12. With regard to Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, is $10,000. Simpluris' work in connection with this matter will continue with the calculation of the settlement checks, issuance and mailing of those settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 17th, 2015, in Costa Mesa, California.

Michael Bui

# Exhibit A

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A CURRENT OR FORMER ARMORED TRUCK DRIVER AND MESSENGER WHO WORKED FOR BRINK'S, INCORPORATED IN THE STATE OF CALIFORNIA AT ANY TIME BETWEEN JANUARY 1, 2014 AND April 22, 2015.

**PLEASE READ THIS NOTICE CAREFULLY**
**YOU MAY BE ENTITLED TO MONEY FOR UNPAID WAGES**

## 1. *WHY SHOULD I READ THIS?*

The Southern District Court of California preliminarily approved a settlement. You have the following options under this proposed settlement:

**Do Nothing**. **You do not need to do anything to receive money from the settlement**. You are automatically included in this settlement. YOUR ESTIMATED SETTLMENT AMOUNT IS: $«MERGED_EstSettAmnt_CALC».

**Request To Be Excluded From The Settlement**. If you don't want to receive money from the settlement and would like to pursue your own lawsuit against Brink's, Incorporated ("Brink's") for unpaid wages, and related claims, you must return the enclosed Opt-Out Form by June 10, 2015.

**Object to the Settlement**. If you want to object to the settlement's terms, you must file and serve an objection by June 10, 2015.

THIS NOTICE EXPLAINS YOUR OPTIONS IN MORE DETAIL AND ANSWERS THE FOLLOWING QUESTIONS:

Section 2 – Will Brink's retaliate against me for participating in the settlement?
Section 3 – Why did I receive this notice?
Section 4 – What is this lawsuit about?
Section 5 – What are the settlement terms?
Section 6 – Will I receive money from the settlement?
Section 7 – How is my estimated settlement share calculated?
Section 8 – Do I have to pay taxes on my settlement share?
Section 9 – Do I have to pay or give up anything to receive money under the settlement?
Section 10 – How do I get money from the settlement?
Section 11 – When will I receive money from this settlement?
Section 12 – What am I supposed to do now?
Section 13 – If I don't opt-out from the settlement, can I later sue Brink's for the same wage-and-hour violations?
Section 14 – When will the Court approve the settlement?
Section 15 – How can I get additional information?
Section 16 – What are the important deadlines?

## 2. *WILL BRINK'S RETAILATE AGAINST ME FOR PARTICIPATING IN THE SETTLEMENT?*

**NO RETALIATION ALLOWED**

The law prohibits Brink's from retaliating against you for seeking money under this settlement. Brink's will not retaliate against you. In fact, Brink's wants you to participate in this settlement so that it can settle all wage-and-hour claims you may have against it. The Court has approved Alisa A. Martin at AMartin Law, PC as Class Counsel. Class Counsel represents all Class Members. If anyone discourages you (or anyone else) from seeking money under this settlement, immediately report this to Class Counsel:

AMARTIN LAW PC
Alisa A. Martin, Esq.
600 West Broadway, Ste 700
San Diego, CA 92101
Telephone: 619.308.6880
Facsimile: 619.308.6881
alisa@amartinlaw.com

## 3. *WHY DID I RECEIVE THIS NOTICE?*

You are a member of a class defined as: all current and former armored truck drivers and messengers who worked for Brink's, Incorporated in the State of California during the Class Period. The Class Period is from January 1, 2014 through April 22, 2015.

## 4. *WHAT IS THIS LAWSUIT ABOUT?*

Timothy Belew sued his former employer Brink's for committing several wage-and-hour violations. Belew primarily alleged that starting on January 1, 2014, Brink stopped paying overtime to armored truck drivers and messengers when they worked more than 45 hours during a workweek.

Brink's, however, denies doing anything wrong, and contends, among other things, that its armored truck drivers and messengers are exempt from California's overtime law.

The Court has not made any determination as to whether Plaintiff's claims or Brink's defenses are legally valid. Nonetheless, the parties believe it is in their best interests to settle this lawsuit due to the uncertainties of trial, the benefits of settlement, the associated costs of continued litigation, the likely appeals, and the inconvenience and interference with personal matters and business operations.

## 5. *WHAT ARE THE SETTLEMENT TERMS?*

**Settlement Amount**

Brink's agreed to pay $267,800.

**Distribution of the Settlement Amount**

Subject to court approval, a neutral third-party Administrator will distribute the money as follows:

> **First**, the Administrator will pay an incentive award to Timothy Belew. The award recognizes his efforts and risks (financial, professional, and emotional) in pursuing claims against Brink's. The incentive award will not exceed $15,000.
>
> **Second,** the Administrator will pay Class Counsel's fees and costs as awarded by the Court. Class Counsel will ask for $89,177 in fees and not more than $7,500 in costs. The Court will determine the actual amount awarded.
>
> **Third,** the Administrator will pay itself for all incurred administration costs, including the costs of preparing and mailing this Notice, and processing disputes and requests to be excluded from the settlement, and distributing money from the settlement. The fees and costs paid to the Administrator are expected not to exceed $10,000.
>
> **Fourth,** the Administrator will pay the California Labor and Workforce Development Agency $3,750 in penalties for alleged violations under the Private Attorneys General Act.
>
> **Fifth,** the Administrator will pay the remaining amount to class members as compensation for owed wages, penalties, and interest.

## 6. *WILL I RECEIVE MONEY FROM THE SETTLEMENT?*

You are eligible to receive money from this settlement. Please refer to Section 1 above for the estimated amount.

## 7. *HOW IS MY ESTIMATED SETTLEMENT SHARE CALCULATED?*

Brink's records show that you worked at Brink's from «MERGED_StartDate» to «MERGED_EndDate» and that between January 1, 2014 and April 22, 2015, you worked «MERGED_WW» weeks.

**This settlement is for alleged wage-and-hour violations that occurred between January 1, 2014 and April 22, 2015 only. Even though you may have worked at Brink's before January 1, 2014 or after April 22, 2015, those weeks are not included in your settlement share calculation.**

Based on the number of weeks you worked at Brink's between January 1, 2014 and April 22, 2015, your estimated settlement share in Section 1 was calculated as follows:

**1.** First, we subtracted the anticipated court awarded fees and costs from the total settlement amount of $267,800 to determine the amount of money available to pay to class members.

Settlement Sum ($267,800) - Incentive Award ($15,000) = Net Settlement Fund

Class Counsel Fees ($89,177)

Class Counsel Costs ($7,500)

Administrative Costs ($10,000)

LWDA Payment ($3,750)

**2.** Second, we took the number of weeks you worked at Brink's between January 1, 2014 and April 22, 2015 and divide that number with the number of weeks worked by all class members between the same dates. This calculation gave your proportional share of the Net Settlement Fund.

Your # of Work Weeks ÷ Total # of Class' Work Weeks = Your Proportional Share

**3.** Third, we multiplied your proportional share with the Net Settlement Fund. This calculation gave your estimated settlement share.

Net Settlement Fund x Your Proportional Share = Your Estimated Settlement Share

## 8. *DO I HAVE TO PAY TAXES ON MY SETTLEMENT SHARE?*

One-third of your settlement share will be treated as wages that are subject to the normal payroll taxes, withholdings, and W-2 reporting. The remaining two-thirds will be treated as interest and penalties that are subject to IRS Form 1099 reporting.

**You will be responsible for paying any taxes owed on your award. Neither the parties, the parties' counsel nor the Court can provide you with tax advice. If a taxing authority concludes that more than one-third of your settlement share should be treated as wages or that the interest and penalties reported on the IRS Form 1099 is subject to taxes, or that a portion of your settlement share is mischaracterized or that your settlement share is otherwise subject to additional taxes, you will be fully responsible for those taxes and any penalties imposed against you for failing to pay all taxes owed on your settlement share.**

## 9. *DO I HAVE TO PAY OR GIVE UP ANYTHING TO RECEIVE MONEY UNDER THE SETTLEMENT?*

You don't have to pay anything to receive money under the settlement. But in exchange for receiving money, you and Brink's fully release and discharge each other, as well as any heirs and assigns, parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof ("Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney fees, penalties, damages, action or causes of action contingent or accrued for, or which relate to or arise out of the allegations and claims asserted in the Lawsuit and any and all related claims, which are hereby defined as claims for set-off, claims for meal and rest periods, unpaid wages, minimum wage, overtime, final wages, itemized wage statements reflecting "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" as required by Labor Code section 226(a)(9), or violations of California Labor Code sections 201, 202, 203, 218.5, 226(a)(9), 226.7, 510, 512, 558, 1194, 1198, 2698 to 2699.5, 2802, the Industrial Welfare Commission Wage Order 5-2001, and

Business and Professions Code section 17200 et seq., California Code of Civil Procedure 1021.5, damages and/or penalties whether any such related claim is known or unknown, contingent or accrued, statutory or common law; such related claims are released against the Released Parties, as well as interest and statutory penalties and other related penalties on any such related claims.

However, you are not releasing claims for unemployment compensation, disability, workers' compensation, discrimination, retaliation, and all claims outside of the Class Period. The Class Period covered by this release is January 1, 2014, through April 22, 2015.

You also are providing a waiver pursuant to Civil Code section 1542 as to the causes of action in the Lawsuit for the Class Period only. Section 1542 of the Civil Code states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## 10. *HOW DO I GET MONEY FROM THE SETTLEMENT?*

You do not have to do anything to receive money from the settlement. Please refer to Section 1 above for the estimated amount you are eligible to receive.

## 11. *WHEN WILL I RECEIVE MONEY FROM THIS SETTLEMENT?*

If the Court grants final approval of this settlement without delay, your settlement share will be paid around September 10, 2015.

If you relocate, it's imperative that you provide your new address to the Administrator at:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

**If any settlement check is uncashed after 180 days, the settlement share will be donated to the Interdisciplinary Center for Healthy Workplaces.**

## 12. *WHAT AM I SUPPOSED TO DO NOW?*

You may do any of the following:

**Option #1 – You Don't Need to Do Anything to Receive Money**

You don't have to do anything to receive money from the settlement. If the Court grants final approval of this settlement, your settlement share will be mailed to you.

**Option #2 – You Can Dispute Your Employment Dates or Work Weeks Listed in Section 7**

If you believe your employment dates and workweeks listed in Section 7 are incorrect, you must complete and mail the enclosed Dispute Form, postmarked no later than June 10, 2015, to the Administrator at:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

To the extent you have anything, you must include documents that show your correct employment dates or the number of weeks worked.

**Option #3 – You Can Request to Opt-Out of the Settlement**

If you don't want to receive money from the settlement or be bound by the settlement's terms, you must complete and mail the enclosed Opt-Out Form, postmarked no later than June 10, 2015, to the Administrator at the address provided in this Section under Option #2. If you timely mail a completed Opt-Out Form:

1. You will not receive any money;
2. You will not be bound by the settlement or by any judgment entered in this lawsuit;
3. You will not be allowed to object to the settlement as explained below; and
4. You will be able to bring your own lawsuit against Brink's for wage-and-hour violations.

**Option #4 – You Can Object to the Settlement**

If you want to object to the entire settlement, you must do so in writing and state:

1. Your full name, address, and telephone number;
2. Include the case name ("Belew v. Brink's Incorporated,"), judge ("John A Houston"), Courtroom ("Courtroom 13B"), and Case Number ("Case No. 14CV1748 JAH JLB");
3. The word "Objection"; and
4. In clear and concise terms, state the legal and factual reason as to why you believe the settlement, or a particular term of the settlement, is unfair, unreasonable, or not in the Class' best interest.

Your objection must be mailed to the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California, 92101 (Case No. 14CV1748 JAH JLB 30-2014-00711312-CU-OE-CXC). The objection must be mailed no later than June 10, 2015. You must also mail a copy of the objection to all parties' counsel:

To Class Counsel:

Alisa A. Martin, Esq.
AMARTIN LAW PC
600 West Broadway, Ste. 700
San Diego, CA 92101
alisa@amartinlaw.com

To Defendants:

Spencer C. Skeen, Esq.
Tim I. Johnson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
spencer.skeen@ogletreedeakins.com
tim.johnson@ogletreedeakins.com

If you timely file and mail the objection, you may appear at the final approval hearing scheduled on August 31, 2015, before Judge John A. Houston in Courtroom 13B (13th Floor – Annex), located at 333 West Broadway, San Diego, CA 92101. You can appear in person or via your own attorney. If you hire your own attorney to represent you at the hearing, you will be obligated to pay your own attorney's fees and costs.

If you object to the settlement, you will still remain a class member. As a result, if the Court approves the settlement, you will be bound by the settlement terms, and precluded from bringing your own individual lawsuit against Brink's for wage-and-hour violations that occurred between January 1, 2014 and April 22, 2015.

If you don't properly object to the settlement, you cannot later object to the settlement or appeal a court order granting final approval of the settlement.

You cannot object to the settlement if you completed and returned the Opt-Out Form.

Don't file an objection if you only dispute the accuracy of (1) your employment dates or (2) the number of weeks you worked during the relevant timeframe listed in Section 7 above. The procedure for disputing that information is set forth in this Section under Option #2.

## 13. *IF I DON'T OPT-OUT OF THE SETTLEMENT, CAN I LATER SUE BRINK'S FOR THE SAME WAGE-AND-HOUR VIOLATIONS?*

Unless you timely submit a completed Opt-Out Form, you may not sue Brink's for the same or related wage and hour violations that occurred between January 1, 2014 and April 22, 2015 under California law.

## 14. *WHEN WILL THE COURT APPROVE THE SETTLEMENT?*

On **August 31, 2015 at 2:30 p.m.**, the Court will hold a final approval hearing on the settlement's adequacy, reasonableness, and fairness. The hearing will occur before Judge John A. Houston in Courtroom 13B (13th Floor – Annex), located at 333 West Broadway, San Diego, CA 92101. The Court will hear any objections to the settlement. The Court may move the hearing to another date. If that happens, you will not be notified of this change; however, you can always check the Court's calendar for changes at https://www.casd.uscourts.gov/Calendars/SitePages/Home.aspx.

The Court may grant final approval of the settlement at the hearing or the Court may take the matter under submission and issue its ruling at a later date. Generally, courts will issue their ruling within a week or two of the final approval hearing.

**You do not have to attend the final approval hearing to receive money from this settlement.**

## 15. *HOW CAN I GET ADDITIONAL INFORMATION?*

This Notice only summarizes the lawsuit and proposed settlement and does not purport to be comprehensive. For more detailed information, you may review court documents at the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California, 92101. You may also call Class Counsel Alisa A. Martin of AMartin Law PC at (619) 308-6880 for additional information.

**PLEASE DON'T CALL OR WRITE THE COURT, BRINK'S OR BRINK'S ATTORNEYS ABOUT THIS NOTICE**

## 16. *WHAT ARE THE IMPORTANT DEADLINES?*

- The deadline to opt-out of the settlement is **June 10, 2015**; and
- The deadline to object to the settlement is **June 10, 2015**.

**THE COURT APPROVES THIS NOTICE.**

Dated: May 11, 2015

/s/______________________
The Honorable John A. Houston
United States District Court, Southern District of California



«Barcode»

«BarcodeString» SIMID «SIMID»

USTED ESTÁ RECIBIENDO ESTA NOTIFICACIÓN PORQUE ACTUALMENTE ES O ANTERIORMENTE FUE UN MENSAJERO Y CONDUCTOR DE CAMIONES BLINDADOS QUE TRABAJÓ PARA BRINK'S, INCORPORATED, EN EL ESTADO DE CALIFORNIA, EN CUALQUIER MOMENTO ENTRE EL 1 DE ENERO DE 2014 Y EL 22 DE ABRIL DE 2015.

**POR FAVOR, LEA ATENTAMENTE ESTA NOTIFICACIÓN**
**ES POSIBLE QUE TENGA DERECHO A RECIBIR DINERO POR SALARIOS NO PAGOS**

## 1. *¿POR QUÉ DEBERÍA LEER ESTA NOTIFICACIÓN?*

El Tribunal del Distrito Sur de California homologó en forma preliminar una conciliación. Usted tiene las siguientes opciones conforme a la conciliación propuesta:

**No hacer nada** **No necesita hacer nada para recibir dinero de la conciliación.** Usted está automáticamente incluido en esta conciliación. EL IMPORTE ESTIMADO DE SU PARTE DE LA CONCILIACIÓN ES: $MERGED_EstSettAmnt_CALC.

**Solicitud de exclusión de la conciliación** Si no desea recibir dinero de la conciliación y le gustaría iniciar su propio juicio contra Brink's, Incorporated ("Brink's") por salarios no pagos y reclamos relacionados, debe enviar el Formulario de Exclusión adjunto a más tardar el 10 de junio de 2015.

**Oponerse a la Conciliación** Si desea oponerse a los términos de la conciliación, debe presentar y entregar una oposición a más tardar el 10 de junio de 2015.

ESTA NOTIFICACIÓN EXPLICA SUS OPCIONES CON MAYOR DETALLE Y RESPONDE A LAS SIGUIENTES PREGUNTAS:


Apartado 2 – ¿Tomará Brink's represalias en mi contra por participar en la conciliación?
Apartado 3 – ¿Por qué recibí esta notificación?
Apartado 4 – ¿De qué se trata la demanda?
Apartado 5 – ¿Cuáles son los términos de la conciliación?
Apartado 6 – ¿Recibiré dinero por la conciliación?
Apartado 7 – ¿Cómo se calcula mi parte estimada de la conciliación?
Apartado 8 – ¿Tengo que pagar impuestos sobre mi parte de la conciliación?
Apartado 9 – ¿Tengo que pagar o renunciar a algo para recibir dinero por la conciliación?
Apartado 10 – ¿Cómo recibiré dinero por la conciliación?
Apartado 11 – ¿Cuándo recibiré dinero por la conciliación?
Apartado 12 – ¿Qué se supone que debo hacer ahora?
Apartado 13 – Si no me excluyo de la conciliación, ¿puedo después demandar a Brink's por las mismas violaciones relacionadas con salarios y horas laborales?
Apartado 14 – ¿Cuándo homologará el Tribunal la conciliación?
Apartado 15 – ¿Cómo puedo obtener información adicional?
Apartado 16 – ¿Cuáles son los plazos importantes?


## 2. *¿TOMARÁ BRINK'S REPRESALIAS EN MI CONTRA POR PARTICIPAR EN LA CONCILIACIÓN?*

**NO SE PERMITEN LAS REPRESALIAS**

La ley prohíbe a Brink's tomar represalias en su contra por solicitar dinero en virtud de la conciliación. Brink's no tomará represalias en su contra. De hecho, Brink's desea que usted participe en esta conciliación para que pueda resolver todos los reclamos relacionados con salarios y horas laborales que usted pueda tener contra la compañía. El Tribunal ha aprobado a Alisa A. Martin en AMartin Law, PC como Abogado de los Miembros de la Clase. El Abogado de los Miembros de la Clase representa a todos los Miembros de la Clase. Si alguna persona le desalienta (o desalienta a otra persona) de solicitar dinero en virtud de esta conciliación, infórmelo de inmediato al Abogado de los Miembros de la Clase:

AMARTIN LAW PC
Alisa A. Martin, Abogada
600 West Broadway, Ste 700
San Diego, CA 92101
Teléfono: 619.308.6880
Fax: 619.308.6881
alisa@amartinlaw.com

## 3. *¿POR QUÉ RECIBÍ ESTA NOTIFICACIÓN?*

Usted es miembro de una clase definida de la siguiente manera: todos los mensajeros y conductores de camiones blindados actuales o anteriores que hayan trabajado para Brink's, Incorporated, en el Estado de California durante el Período de la Clase. El Período de la Clase es el lapso comprendido entre el 1 de enero de 2014 y el 22 de abril de 2015.

## 4. *¿DE QUÉ SE TRATA LA DEMANDA?*

Timothy Belew demandó a su exempleador Brink's por la comisión de varias violaciones relacionadas con salarios y horas laborales. Belew alegó principalmente que a partir del 1 de enero de 2014, Brink's dejó de pagar las horas extras para los mensajeros y conductores de camiones blindados cuando trabajaban más de 45 horas durante una semana de trabajo.

Brink's, sin embargo, niega haber hecho algo mal y sostiene, entre otras cosas, que sus mensajeros y conductores de camiones blindados están exentos de la ley sobre horas extras de California.

El Tribunal no ha hecho ninguna determinación en cuanto a si las acusaciones del demandante o las defensas de Brink's son legalmente válidas. No obstante, las partes creen que es en su mejor interés resolver este juicio debido a las incertidumbres del juicio, los beneficios de la conciliación, los costos asociados de la litigación continua, las posibles apelaciones y las molestias y la interferencia con los asuntos personales y las operaciones comerciales.

## 5. *¿CUÁLES SON LOS TÉRMINOS DE LA CONCILIACIÓN?*

**Importe de conciliación**

Brink's ha acordado pagar $267,800.

**Distribución del importe de conciliación**

Con sujeción a la homologación por parte del tribunal, un Administrador neutral distribuirá el dinero de la siguiente manera:

> **En primer lugar**, el Administrador pagará una bonificación de incentivo a Timothy Belew. La bonificación reconoce sus esfuerzos y riesgos (financieros, profesionales y emocionales) al llevar adelante los reclamos contra Brink's. La bonificación de incentivo no excederá los $15,000.
>
> **En segundo lugar**, el Administrador pagará los honorarios y los costos que adjudique el Tribunal para el Abogado de los Miembros de la Clase. El Abogado de los Miembros de la Clase pedirá $89,177 en honorarios y no más de $7,500 en costos. El Tribunal determinará el importe real adjudicado.
>
> **En tercer lugar**, el Administrador se pagará sí mismo por todos los costos de administración en los que haya incurrido, incluidos los costos de preparación y envío de esta Notificación, tramitación de las observaciones y solicitudes de exclusión de la conciliación, y distribución del dinero de la conciliación. Se espera que los costos y los honorarios pagados al Administrador no excedan los $10,000.
>
> **En cuarto lugar,** el Administrador pagará a la Agencia de Desarrollo Laboral y de la Fuerza de Trabajo (LWDA) de California $3,750 en multas por presuntas violaciones conforme a la Ley de Procuraduría General Privada.

**En quinto lugar,** el Administrador pagará el importe restante a los miembros de la clase como indemnización por los salarios adeudados, las sanciones y los intereses.

## 6. *¿RECIBIRÉ DINERO POR LA CONCILIACIÓN?*

Usted es elegible para recibir dinero por esta conciliación. Consulte el Apartado 1 anterior para conocer el importe estimado.

## 7. *¿CÓMO SE CALCULA MI PARTE ESTIMADA DE LA CONCILIACIÓN?*

Los registros de Brink's muestran que usted trabajó en Brink's desde «MERGED_StartDate» hasta «MERGED_EndDate» y que entre el 1 de enero de 2014 y el 22 de abril de 2015, usted trabajó «MERGED_WW» semanas.

**Esta conciliación es acerca de presuntas violaciones relacionadas con salarios y horas laborales, que se produjeron entre el 1 de enero de 2014 y el 22 de abril de 2015 <u>únicamente</u>. A pesar de que es posible que haya trabajado en Brink's antes del 1 de enero de 2014 o después del 22 de abril de 2015, esas semanas no se incluyen en el cálculo de la parte de la conciliación.**

En función de la cantidad de semanas que haya trabajado en Brink's entre el 1 de enero de 2014 y el 22 de abril de 2015, su parte estimada de la conciliación que se encuentra en el Apartado 1 se calculó de la siguiente manera:

**1.** En primer lugar, restamos los honorarios y los costos previstos que el tribunal adjudicará del importe total de la conciliación de $267,800, para determinar la cantidad de dinero disponible para pagar a los miembros de la clase.

| | | | | |
|---|---|---|---|---|
| Monto de la conciliación ($267,800) | - | Bonificación de incentivo ($15,000)<br>Honorarios del Abogado de la Clase ($89,177)<br>Costos del Abogado de la Clase ($7,500)<br>Costos administrativos ($10,000)<br>Pago a la LWDA ($3,750) | = | Importe Neto de Conciliación |

**2.** En segundo lugar, tomamos la cantidad de semanas que usted trabajó en Brink's entre el 1 de enero de 2014 y el 22 de abril de 2015, y dividimos ese número por la cantidad de semanas trabajadas por todos los miembros de la clase entre las mismas fechas. Este cálculo arrojó su parte proporcional del Importe Neto de Conciliación.

| | | | | |
|---|---|---|---|---|
| Su cantidad de semanas de trabajo | ÷ | Cantidad total de semanas de trabajo de la clase | = | Su parte proporcional |

**3.** En tercer lugar, multiplicamos su parte proporcional por el Importe Neto de Conciliación. Este cálculo arrojó su parte estimada de la conciliación.

| | | | | |
|---|---|---|---|---|
| Importe Neto de Conciliación | x | Su parte proporcional | = | Su parte estimada de la conciliación |

## 8. *¿TENGO QUE PAGAR IMPUESTOS SOBRE MI PARTE DE LA CONCILIACIÓN?*

Un tercio de su parte de la conciliación será tratado como salarios, los cuales están sujetos a los impuestos sobre la nómina de pago, las retenciones y los informes W-2 usuales. Los dos tercios restantes serán tratados como intereses y multas que están sujetos a la presentación de informes mediante el Formulario 1099 del Servicio de Impuestos Internos (IRS).

**Usted será responsable de pagar los impuestos adeudados sobre su parte. Ni las partes ni los abogados de las partes ni el Tribunal pueden ofrecerle asesoramiento fiscal. Si una autoridad fiscal concluye que más de un tercio de su parte de la conciliación debe tratarse como salarios o que los intereses y las multas informadas en el formulario 1099 del IRS están sujetos impuestos o que una porción de su parte de la conciliación está mal identificada o que su parte de la conciliación está sujeta de otro modo a impuestos adicionales, usted será totalmente responsable de los impuestos y las sanciones que se impongan en su contra por no pagar todos los impuestos adeudados sobre su parte de la conciliación.**

## 9. *¿TENGO QUE PAGAR O RENUNCIAR A ALGO PARA RECIBIR DINERO POR LA CONCILIACIÓN?*

No debe pagar nada para recibir dinero en virtud de la conciliación. Sin embargo, a cambio de recibir dinero, usted y Brink's se eximen y exoneran uno al otro y a todo heredero y sucesor a título particular y universal, así como a toda compañía subsidiaria, afiliada, predecesora o sucesora, y a todo mandatario, empleado, funcionario, director y abogado de cualquiera de los anteriores (las "Partes Exoneradas"), frente a todo reclamo, deuda, responsabilidad, demanda, obligación, garantía, costo, gasto, honorario de abogado, sanción, daño, acción o causa de acción que exista o pueda existir, o que esté relacionado con las acusaciones y los reclamos aseverados en el Juicio y los reclamos relacionados, o que surja de ellos, los cuales se definen en el presente como reclamos por compensación, períodos de comida y descanso, salarios no pagos, salario mínimo, horas extra, salarios finales, recibos de sueldo detallados que reflejen "todas las tarifas por hora aplicables que se encuentren vigentes durante el período de pago y la cantidad correspondiente de horas trabajadas por cada tarifa por hora", tal como lo requiere el Artículo 226(a)(9) del Código Laboral, o las violaciones a los artículos 201, 202, 203, 218.5, 226(a)(9), 226.7, 510, 512, 558, 1194, 1198, 2698 a 2699.5, 2802 del Código Laboral de California, la Orden Salarial 5-2001 de la Comisión de Bienestar Industrial, el Artículo 17200 et seq. del Código de Negocios y Profesiones, y el Artículo 1021.5 del Código de Procedimiento Civil de California, daños y/o sanciones, independientemente de si dichos reclamos relacionados son conocidos o desconocidos, actuales o futuros, conforme a la legislación formal o al sistema del *Common Law*; se renuncia a dichos reclamos relacionados contra las Partes Exoneradas, así como también a los intereses y las sanciones legales y otras sanciones relacionadas sobre cualquiera de dichos reclamos relacionados.

Sin embargo, usted no exonera reclamos de indemnización por desempleo, discapacidad, indemnización por accidente de trabajo, discriminación, represalias y todos los reclamos fuera del Período de la Clase. El Período de la Clase cubierto por esta exoneración es el lapso comprendido entre el 1 de enero de 2014 y el 22 de abril de 2015.

También está proporcionando una renuncia conforme al Artículo 1542 del Código Civil en cuanto a las causas de acción en el Juicio para el Período de la Clase únicamente. El artículo 1542 del Código Civil establece:

> Una exoneración general no se extiende a los reclamos que el acreedor no conozca ni sospeche que existen a su favor al momento de firmar la exoneración y que, si los hubiese conocido, habrían afectado de manera sustancial su acuerdo con el deudor.

## 10. *¿CÓMO RECIBIRÉ DINERO POR LA CONCILIACIÓN?*

No debe hacer nada para recibir dinero de la conciliación. Consulte el Apartado 1 anterior para conocer el importe estimado que puede recibir por ser elegible.

## 11. *¿CUÁNDO RECIBIRÉ DINERO POR LA CONCILIACIÓN?*

Si el Tribunal concede la homologación definitiva de esta conciliación sin demora, se le pagará su parte de la conciliación, aproximadamente, el 10 de septiembre de 2015.

Si usted cambia de domicilio, es imprescindible que informe su nueva dirección al Administrador en la siguiente dirección:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

**Si no se cobra un cheque de la conciliación después de 180 días, la parte de la conciliación será donada al Centro Interdisciplinario para Lugares de Trabajo Saludables.**

## 12. *¿QUÉ SE SUPONE QUE DEBO HACER AHORA?*

Usted puede realizar alguna de las siguientes opciones:

**Opción N. º 1: No necesita hacer nada para recibir dinero**

No debe hacer nada para recibir dinero de la conciliación. Si el Tribunal concede la homologación definitiva de esta conciliación, se le enviará su parte de la conciliación por correo.

**Opción N.º 2: Puede impugnar las fechas de su empleo o las semanas de trabajo que se indican en el Apartado 7**

Si usted cree que las fechas de su empleo y las semanas de trabajo que se indican en el Apartado 7 son incorrectas, debe completar y enviar por correo el Formulario de Observaciones a los Datos que se adjunta, con sello postal del 10 de junio de 2015 o una fecha anterior, al Administrador a la siguiente dirección:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

En la medida en que los tenga, debe incluir los documentos que muestren las fechas correctas de su empleo o la cantidad de semanas trabajadas.

**Opción N.º 3: Puede solicitar la exclusión de la conciliación**

Si no desea recibir dinero de la conciliación ni estar obligado por sus términos, debe completar y enviar por correo el Formulario de Exclusión adjunto, con sello postal del 10 de junio de 2015 o una fecha anterior, al Administrador a la dirección indicada en este Apartado, en la Opción .º 2. Si envía por correo en forma oportuna un Formulario de Exclusión completado:

1. No recibirá dinero;
2. No estará obligado por la conciliación ni por ninguna sentencia dictada en este juicio;
3. No se le permitirá oponerse a la conciliación, tal como se explica a continuación; y
4. Podrá iniciar su propio juicio contra Brink's por violaciones relacionadas con salarios y horas laborales.

**Opción N. º 4: Puede oponerse a la conciliación**

Si desea oponerse a toda la conciliación, debe hacerlo por escrito e indicar:

1. Su nombre completo, dirección y número de teléfono;
2. Incluya el título de la causa ("Belew v. Brink's Incorporated"), el juez ("John A. Houston"), el juzgado ("Juzgado 13B") y el número de causa ("Causa N.º 14CV1748 JAH JLB");
3. La palabra "oposición"; y

**4.** En términos claros y concisos, el motivo jurídico y fáctico de por qué usted cree que la conciliación o un término en particular de la conciliación es injusto o irrazonable, o no es en el mejor interés de la Clase.

Su oposición debe enviarse a la Secretaría del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, 333 West Broadway, Suite 420, San Diego, California, 92101 (Causa N.º 14CV1748 JAH JLB 30-2014-00711312-CU-OE-CXC). La oposición debe enviarse por correo a más tardar el 10 de junio de 2015. También debe enviar una copia de la oposición a los abogados de todas las partes:

Al Abogado de la Clase:

Alisa A. Martin, Abogada
AMARTIN LAW PC
600 West Broadway, Ste. 700
San Diego, CA 92101
alisa@amartinlaw.com

A los Demandados:

Spencer C. Skeen, Esq.
Tim I. Johnson, Abogado.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
spencer.skeen@ogletreedeakins.com
tim.johnson@ogletreedeakins.com

Si usted presenta y envía por correo la oposición en forma oportuna, puede comparecer a la Audiencia de Homologación Final programada para el 31 de agosto de 2015, ante el juez John A. Houston en el Juzgado 13B (Piso 13 - Anexo), ubicado en 333 West Broadway, San Diego, CA 92101. Puede presentarse personalmente o a través de su propio abogado. Si contrata a su propio abogado para que lo represente en la audiencia, estará obligado a pagar los honorarios y los costos de su propio abogado.

Si se opone a la conciliación, continuará siendo un miembro de la clase. En consecuencia, si el Tribunal homologa la conciliación, estará obligado por los términos de la conciliación y se verá impedido de iniciar su propio juicio contra Brink's por las violaciones relacionadas con salarios y horas laborales que se produjeron entre el 1 de enero de 2014 y el 22 de abril de 2015.

Si usted no se opone adecuadamente a la conciliación, no podrá después oponerse a la conciliación ni apelar una disposición judicial que conceda la homologación definitiva de la conciliación.

No puede oponerse a la conciliación si ha completado y enviado el Formulario de Exclusión.

No presente una oposición si solo impugna la exactitud de (1) las fechas de empleo o (2) la cantidad de semanas que trabajó durante el período correspondiente que figura en el Apartado 7 anterior. El procedimiento para realizar observaciones a esa información se establece en este Apartado, en la Opción N.º 2.

## 13. *SI NO ME EXCLUYO DE LA CONCILIACIÓN, ¿PUEDO DESPUÉS DEMANDAR A BRINK'S POR LAS MISMAS VIOLACIONES RELACIONADAS CON SALARIOS Y HORAS LABORALES?*

A menos que presente en forma oportuna un Formulario de Exclusión completado, usted no puede demandar a Brink's por las mismas violaciones relacionadas con salarios y horas laborales que se produjeron entre el 1 de enero de 2014 y el 22 de abril de 2015 conforme a la ley de California, o violaciones similares.

## 14. *¿CUÁNDO HOMOLOGARÁ EL TRIBUNAL LA CONCILIACIÓN?*

El **31 de agosto de 2015, a las 2:30 p. m.**, el Tribunal celebrará una audiencia de homologación final para determinar si la conciliación es justa, razonable o adecuada. La audiencia tendrá lugar ante el juez John A. Houston en el Juzgado 13B (Piso 13 - Anexo), ubicado en 333 West Broadway, San Diego, CA 92101. El Tribunal escuchará todas las oposiciones a la conciliación. El Tribunal podrá posponer la audiencia para otra fecha. Si eso sucede, usted no será notificado sobre este cambio; sin embargo, siempre puede consultar el calendario del Tribunal para obtener información sobre cualquier cambio, en https://www.casd.uscourts.gov/Calendars/SitePages/Home.aspx.



«Barcode»

«BarcodeString» SIMID «SIMID»

El Tribunal podrá conceder la homologación definitiva de la conciliación en la audiencia o el Tribunal puede tomar el asunto para su consideración y emitir su fallo en una fecha posterior. En general, los tribunales emiten su fallo dentro de una o dos semanas de la audiencia de homologación final.

**Usted no tiene que asistir a la audiencia de homologación final para recibir dinero de esta conciliación.**

## 15. *¿DÓNDE PUEDO OBTENER INFORMACIÓN ADICIONAL?*

Esta Notificación es solamente un resumen del juicio y la conciliación propuesta, y no pretende ser completa. Para obtener más información con mayor detalle, puede consultar los documentos del Tribunal en la Secretaría del Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California, 333 West Broadway, Suite 420, San Diego, California, 92101. También puede llamar al Abogado de la Clase, Alisa A. Martin de AMartin Law PC, al (619) 308-6880, para obtener información adicional.

**NO LLAME NI ESCRIBA AL TRIBUNAL, A BRINK'S NI**
**A LOS ABOGADOS DE BRINK'S ACERCA DE ESTA NOTIFICACIÓN.**

## 16. *¿CUÁLES SON LOS PLAZOS IMPORTANTES?*

- El plazo para la exclusión de la conciliación es **el 10 de junio de 2015**.
- El plazo para la oposición a la conciliación es **el 10 de junio de 2015**.

**EL TRIBUNAL APRUEBA ESTA NOTIFICACIÓN.**

Fecha: 11 de mayo de 2015

/s/______________________
Su Sría. John A. Houston
Tribunal de Distrito de los Estados Unidos, Distrito Sur de California



«Barcode»

«BarcodeString» SIMID «SIMID»

# DISPUTE FORM

**YOU ONLY HAVE TO COMPLETE THIS FORM IF YOU BELIEVE YOUR EMPLOYMENT DATES AND WORK WEEKS STATED IN SECTION 7 OF THE NOTICE WERE INCORRECT.**

«Barcode» «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State» «Zip»

Name/Address Changes:
______________________________
______________________________
______________________________

MAIL TO:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

## INSTRUCTIONS

1. If you disagree with your employment information, you must indicate below your correct employment dates and/or the number of weeks you worked between January 1, 2014 and April 22, 2015.

   ______________________________________________
   ______________________________________________
   ______________________________________

2. If you have documents that show when you worked at Brink's, please include.

3. You must return this Form with any supporting documents to the Administrator by **June 10, 2015**.

**I declare under penalty of perjury under the laws of the State of California that any information I provided on or with this Form is true and correct.**

Dated:________________________ Signature: ______________________________

Print Name: ______________________________

Telephone Number: ______________________________

# FORMULARIO DE OBSERVACIONES A LOS DATOS

**USTED SOLO DEBE COMPLETAR ESTE FORMULARIO SI CREE QUE LAS FECHAS DE SU EMPLEO Y LAS SEMANAS DE TRABAJO INDICADAS EN EL APARTADO 7 DE LA NOTIFICACIÓN SON INCORRECTAS.**

«Barcode» «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State» «Zip»

Cambios de nombre/domicilio:
_______________________________________
_______________________________________
_______________________________________

ENVIAR POR CORREO A:

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

## INSTRUCCIONES

1. Si no está de acuerdo con la información sobre su empleo, debe indicar a continuación las fechas correctas de su empleo o la cantidad de semanas que trabajó entre el 1 de enero de 2014 y el 22 de abril de 2015.

   _______________________________________________________________________________
   _______________________________________________________________________________
   _________________________________________________________

2. Si tiene documentos que indican cuándo trabajó en Brink's, inclúyalos.

3. Debe devolver este formulario con los documentos adjuntos al Administrador a más tardar el **10 de junio de 2015**.

**Declaro, bajo pena de falso testimonio conforme a las leyes del Estado de California, que toda la información que proporcioné sobre este formulario o junto a él es verdadera y correcta.**

Fecha:_________________________ Firma: _______________________________________________

Nombre en letra de imprenta: ___________________________

Número de teléfono: ___________________________________

# OPT-OUT FORM

*Timothy Belew v. Brink's, Incorporated*

United States District Court, Southern District of California
Case No. 14cv1748 JAH JLB

«Barcode» «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State» «Zip»

Name/Address Changes:
________________________________________
________________________________________
________________________________________

**THIS FORM MUST BE POSTMARKED NO LATER THAN JUNE 10, 2015.**

**PLEASE MAIL THIS FORM TO:**

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

**REVIEW STATEMENT AND SIGN.**

**IT IS MY DECISION NOT TO RECEIVE ANY MONEY FROM THE SETTLEMENT.** I confirm that I received notice of the proposed settlement, I reviewed the notice, I have decided to exclude myself from the settlement, and I have decided not to receive my portion of the settlement award or be subject to the terms of the settlement.

Dated:_______________________ Signature:________________________________________

Print Name:________________________________

Telephone Number: (____)__________________

# FORMULARIO DE EXCLUSIÓN

*Timothy Belew v. Brink's, Incorporated*

Tribunal de Distrito de los Estados Unidos, Distrito Sur de California
Causa N.º 14cv1748 JAH JLB

«Barcode» «BarcodeString»
SIMID «SIMID»
«FirstName» «LastName»
«Address1» «Address2»
«City» «State» «Zip»

Cambios de nombre/domicilio:
______________________________________
______________________________________
______________________________________

**ESTE FORMULARIO DEBE TENER SELLO POSTAL DEL 10 DE JUNIO DE 2015 O UNA FECHA ANTERIOR.**

**ENVÍE ESTE FORMULARIO POR CORREO A:**

*Belew v. Brink's, Incorporated* Administrator
c/o Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799

**REVISE LA DECLARACIÓN Y FIRME.**

**ES MI DECISIÓN NO RECIBIR DINERO DE LA CONCILIACIÓN.** Confirmo que he recibido la notificación de la conciliación propuesta, he revisado la notificación, he decidido excluirme de la conciliación, y he decidido no recibir mi parte del monto adjudicado de la conciliación ni estar sujeto a los términos de la conciliación.

Fecha: ______________________ Firma: ______________________________________

Nombre en letra de imprenta: ______________________________

Número de teléfono: (____) _________________

# Exhibit B

| SIMID | FirstName | LastName |
|---|---|---|
| 1 | Jose | Abrego |
| 2 | Jamal | Abu Saleh |
| 7 | Alex | Aguayo |
| 10 | Yuran | Aguilar |
| 11 | Jose | Ajanel |
| 14 | Aldo | Alarcon |
| 15 | Jose | Alcazar |
| 18 | Daniel | Alferez |
| 23 | Rolando | Als |
| 24 | Dutch | Alvarez |
| 28 | Darnell | Anderson |
| 35 | Juan | Arellano Zaragoza |
| 38 | Jose | Arrechea |
| 39 | Daniel | Arrecis Ramirez |
| 41 | Tranquilir | Arreola |
| 45 | Phillip | Ashburn |
| 46 | Nido | Atencion |
| 49 | Torion | Bailey |
| 50 | Ralph | Bain |
| 64 | Gabriel | Beati |
| 69 | Robert | Bell |
| 76 | Gregory | Bivens |
| 78 | Ralph | Blasengym |
| 81 | Ray | Bonilla |
| 84 | Jeffrey | Bowen |
| 87 | Richard | Brennan |
| 88 | Maurice | Brooks |
| 93 | James | Brown |
| 96 | Rogger | Buchel |
| 100 | Michael | Burkhead |
| 101 | Nicholas | Burks |
| 108 | Marty | Calhoun |
| 109 | Douglas | Calora |
| 112 | Jesus | Cano |
| 113 | Dwight | Canty |
| 118 | John | Carlino |
| 126 | Luis | Castaneda |
| 133 | Benjamin | Castro |
| 134 | Alfredo | Castro Torres |
| 143 | Donald | Chavez |
| 144 | Jeremy | Chavez |
| 146 | Michael | Chavez |
| 149 | Robert | Chong |
| 151 | Fernando | Cisneros Rivera |
| 153 | Patricia | Cocks |
| 160 | Jose | Cortez Ochoa |
| 163 | Marcial | Cruz |
| 165 | Roberto | Cruz Jr |
| 171 | Anthony | Darling |
| 177 | Antonio | De Luna Cepeda |
| 178 | Daniel | Dehart |
| 182 | Wallace | Desbrow Jr |
| 183 | Laszlo | Diaz |
| 187 | Malcolm | Donahue |
| 210 | Ernie | Fernandez |

| | | |
|---|---|---|
| 212 | Emanuel | Filip |
| 215 | Jose | Flores |
| 216 | Luis | Flores |
| 221 | Sebastian | Flores |
| 223 | Fred | Floyd |
| 225 | Ezequiel | Fortuna |
| 232 | Juan | Galvan |
| 240 | George | Garcia |
| 253 | Tracy | Gilliam |
| 256 | Pedro | Gomez |
| 257 | Alan | Gonzalez |
| 258 | Ismael | Gonzalez |
| 267 | John | Grauer |
| 272 | Brian | Grogan |
| 279 | Wilmer | Guzman |
| 283 | Shawn | Haney |
| 284 | Gregory | Harris |
| 288 | Edward | Hernandez |
| 290 | Jesus | Hernandez |
| 291 | Luis | Hernandez |
| 294 | George | Hernandez Iii |
| 295 | Ernesto | Hernandez Monge |
| 301 | William | Hinegardner |
| 309 | Casey | Hood |
| 321 | Julio | Iturriaga |
| 339 | Kenneth | Key |
| 342 | Richard | Klanko |
| 344 | Quyen | La |
| 347 | Charles | Lambert |
| 355 | Eric | Lemus |
| 357 | Esteban | Lepe |
| 361 | Denise | Lizarraga |
| 363 | Richard | Lobatos |
| 364 | Ronald | Lombard |
| 366 | Michael | Long |
| 368 | Daniel | Lopez |
| 369 | German | Lopez |
| 371 | Kimberly | Lopez |
| 372 | Luis | Lopez |
| 375 | Guillermo | Lopez Jr |
| 381 | Jorgeluis | Makiya |
| 383 | Fernando | Marques |
| 384 | Fernando | Marquez |
| 386 | Daniel | Martens |
| 392 | Peter | Martinez Jr |
| 393 | Jaime | Martin |
| 398 | Reginald | Mccorkle |
| 402 | Bryan | Mclean |
| 403 | Ryland | Mcvay |
| 406 | Eliazar | Mejia |
| 409 | Gilbert | Mendoza |
| 411 | Daniel | Menjares |
| 414 | Marvin | Miles |
| 418 | Roberto | Mineros Rivera |
| 420 | Jarmaine | Mitchell |
| 421 | Sean | Mixon |

| | | |
|---|---|---|
| 431 | Richarc | Morgan |
| 433 | Kristopher | Morrow |
| 434 | Ada | Mosqueda |
| 435 | Vang | Moua |
| 436 | Raymond | Moyher Jr |
| 439 | Juan | Munoz |
| 440 | Alfredo | Muro |
| 441 | Stephen | Nagel |
| 444 | Johann | Navarro |
| 445 | Conrad | Nebriaga |
| 447 | Jason | Nestor |
| 448 | Tu | Nguyen |
| 449 | Donald | Nichols Jr |
| 450 | Conradc | Nicolas |
| 456 | Aaron | Odom |
| 457 | Scott | Oeltjendiers |
| 458 | Ibrahim | Oronde Flynt |
| 468 | Larry | Oxley |
| 470 | Charles | Page |
| 472 | Marcelo | Paredes |
| 476 | Denis | Pelletier |
| 486 | Gary | Perrine |
| 489 | Richarc | Phipps |
| 493 | Victor | Portillc |
| 500 | Paul | Quintana |
| 502 | Dario | Ramirez |
| 505 | Juan | Ramirez |
| 507 | Raymond | Ramirez |
| 509 | Arthur | Ramirez Jr |
| 515 | Jesus | Ramos Perez |
| 516 | Rodolfc | Raya |
| 522 | Philip | Richey |
| 523 | Christopher | Riley |
| 524 | Carlos | Rios |
| 528 | Drew | Roberts |
| 532 | Abraham | Rodriguez |
| 537 | Angel | Rodriguez Jr |
| 544 | Xanonh | Roungtakoun |
| 545 | Bradley | Rowlett |
| 561 | Eribertc | Sanchez |
| 563 | Jorge | Sanchez |
| 566 | Jose | Sanchez Figueroa |
| 569 | John | Sanders |
| 581 | Jeffrey | See |
| 582 | Juan | Segura |
| 583 | Denis | Seymour |
| 585 | Gene | Shepherd |
| 587 | Luke | Shoats |
| 588 | Antwane | Sholes |
| 590 | Eduardo | Silva |
| 591 | Edward | Simon |
| 604 | Chris | Tamburo |
| 616 | Jerry | Torres |
| 623 | Marco | Trejo |
| 627 | Javier | Uribe |
| 632 | Eduardo | Valles |

| | | |
|---|---|---|
| 633 | Christopher | Vargas |
| 635 | Saul | Vargas |
| 637 | Jose | Vasquez |
| 643 | Jose | Venegas |
| 644 | Marcos | Ventura |
| 648 | Joe | Villasenor |
| 652 | Daniel | Walker |
| 653 | David | Walker |
| 659 | Bobby | Washington |
| 662 | Steven | Weinle Jr |
| 666 | Richard | Wilhelm |
| 667 | Kevin | Williams |
| 670 | Allen | Winters |
| 673 | Bee | Xiong |
| 676 | Roman | Zamora |
| 678 | Jose | Zuniga |